UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MASSACHUSETTS

Joseph LeDoux Sr.,
    Petitioner.

v.

Kathleen M. Dennehy,
Lois E. Robinson,
    Defendants.

CASE NUMBER:

04 10116 WGY

MEMORANDUM IN SUPPORT OF WRIT OF HABEAS CORPUS

GROUND ONE

THE PLAINTIFF'S GUILTY PLEAS WERE UNLAWFULLY INDUCED
WITH AN ILLEGITIMATE HABITUAL CRIMINAL CHARGE

There is little doubt after reviewing The Appeals Court's decision and the Supreme Judicial Court's affirmation that the habitual criminal charge was illegitimate or at the very least ambiguous and vague as it applied to the facts of the defendant's situation.

"...there is arguably controversy and uncertainty as to the proper interpretation of the habitual criminal statute in the context of these indictments." See Appeals Court decision, Pg. 2.

"...while the applicability of the habitual offender indictment to the facts of the defendant's case may be debatable..." See Appeals Court decision, Pg. 3.

If a three member Appeals Court Panel can not interpret the statute as it applies to the petitioner's appeal, it is very obvious that the statute was ambiguous as it applied to the indict-

ment.

When interpreting the language of criminal statutes, two fundamental tenets of statutory construction apply: First, criminal statutes are strictly construed against the Commonwealth. Commonwealth v. Gagnon, 387 Mass. 567, 569, S.C. 387 Mass. 768 (1982), cert. denied, 461 U.S. 921, and cert. denied, 464 U.S. 815 (1983). Second, "ambiguity concerning the ambit of criminal statutes would be resolved in favor of lenity." Commonwealth v. Maxim, 45 Mass.App.Ct. 49, 50 (1998), quoting Rewis v. United States, 401 U.S. 808, 812 (1971). When a statute is found plausibly to be ambiguous the defendant is given the benefit of the ambiguity. Commonwealth v. Roucoulet, 413 Mass. 647, 652 (1992).

GROUND TWO

INEFFECTIVE ASSISTANCE OF COUNSEL

Prior to the petitioner's guilty plea, he questioned defense counsel as to the appropriateness of two related offenses qualifying towards habitual offender status. Counsel, without the benefit of research assured him that the charge was justified and proper. This advice was inaccurate. Causing an involuntary plea.

It is the first requirement of a plea by confession that the plea of guilty be voluntarily entered with full understanding of it's consequences. Commonwealth v. Duquette, 386 Mass. 834, 841 (1982), citing Boy

841 (1982), citing <u>Boykin v. Alabama</u>, 395 U.S. 238, 242 (1969). The defendant's plea was involuntarily entered as a result of ineffective assistance of counsel, when his trial counsel failed to investigate the habitual criminal charges and inform him that there was no basis for the charges or at the very least that they were ambiguous as they applied to him. Incompetence of counsel is the proper conceptual framework by which to resolve whether an individual should be granted post-conviction relief because of his defense attorney's misleading advice during the defendant's decision to plead guilty. <u>Commonwealth v. Indelicato</u>, 40 Mass.App.Ct. 944, 945 (1996). "Because the plea bargain stage is critical to the criminal procceeding, fundamental attorney error at that stage may invalidate a conviction". <u>State v. Bristol</u>, 159 Vt. 334, 337, 618 A. 2d 1290 (1992), citing <u>State v. Kraus</u>, 397 N.W. 671, 673 (Iowa 1986). A review of this general framework reveals that a consideration of the voluntariness of the plea is an integral part of that analysis.

When the claimed error is ineffective assistance of counsel, the defendant must show by a preponderance of the evidence that counsel's performance fell below an objective standard of reasonableness informed by prevailing professional norms. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-688 (1984); <u>Commonwealth v. Bertrand</u>, 385 Mass. 356 (1982). If that burden is met, defendant must then show that counsel's deficient performance prejudiced the defense. <u>Strickland</u>, 466 U.S. at 688. A defendant proves prejudice by demonstrating a "reasonable probability that, but

-4-

for, counsel's unprofessional errors, the results of the proceedings would have been different".

The Appeals Court wrongly interprets and or implies that there was some sort of negotiations in the plea agreement, when that simply is not the case. On the day of arraingment on the contested convictions at bar, the Commonwealth made an ultimatum to the defendant as it was conveyed through defense counsel "the prosecutor said, take 18 to 20 years for armed robbery or life as a habitual criminal." Had counsel researched the habitual criminal statute as it applied to her cliets case, she would have discovered that the statute was vague and ambiguous on it's face and moved for it's dismissal, where it would not have been such an overwhelming leverage in the decision by the defendant to plead guilty and forego his right to a fair trial. Counsel did not adequately prepare and advise her client on a matter that threatened her client with a mandatory life sentence. Failure to adequately prepare is, of course, a violation of The Supreme Judicial Court's rules governing professional responsibility. Mass.R.Prof.C.1.1 (competence); 1.3 (diligence). See also Wagenman v. Adams, 829 F.2d 196, 219 (1st Cir. 1987).

In the context of an attorney's representation of a defendant during the entry of a guilty plea, the prejudice that must be shown is essentially whether the defendant's plea was involuntary. The defendant's plea must have been made in reasonable reliance upon the attorney's advice, which was incorrect, and it is this reliance that must have caused the plea to be involuntary. "[T]he

right to counsel is violated...when [defense] counsel's incompetence results in a decision by a defendant to proceed to trial rather than plead guilty:. Bristol, 159 Vt. at 337 (citations omitted). It logically follows that the right to counsel is also violated when defense counsel's incompetence results in a decision to plead guilty rather than proceed to trial. In the case at bar, the defendant would not have entered the guilty plea had he known there was no basis for the habitual criminal charge and the threat of the mandatory life sentence.

Thus, trial counsel's failure to properly investigate, prepare and advise her client as to the habitual criminal indictment rendered the attorney's assistance constitutionally ineffective.

The defendant relied upon counsel's advice which was inaccurate, in deciding to plead guilty, and therefore post-conviction relief is appropriate to permit him to withdraw his guilty pleas and take full advantage of his right to a trial, where his guilt must be proven beyond a reasonable doubt. See United States v. Parrino, 212 F.2d 919, 922 (2nd Cir. 1954) (Frank, J. dissenting), cert denied, 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed.663; See also United States v, Briscoe, 432 F.2d 1351 (D.C. Cir. 1970).

GROUND THREE

THE COURT ERRED IN THE INTERPRETATION OF THE
PETITIONER'S ARGUMENT AND PLACED BLAME
FOR COUNSEL'S FAILURE ON THE PETITIONER

It was error and an abuse of the Appeals Court's discretion to place responsibilty, for what it termed "a failure of consideration argument" on the defendant, when it was counsel's failures that led to the involuntary pleas. The pleas were involuntary because counsel failed to properly research her client's case prior to advising him to plead guilty. Had counsel done the research required of her, she would of discovered the obvious ambiguity of the statute as it applied to her client's case, especially after her client questioned her on the exact point raised in this action.

### IT WAS AN ABUSE OF THE APPEALS COURT'S DISCRETION TO WEIGH THE VALUE OF A PLEA BARGAIN IN WHICH THE PETITIONER CLAIMED COERCION

The Appeals Court in it's decision on the case at bar states in the second paragraph of page two that: "The value of the 'bargain' is for the defendant to assess:, while discussing the alleged "failure of consideration argument...". In the same paragraph it states: "...the value of the Commonwealth's agreement was sufficient to serve as consideration because the defendant did recieve a reduced sentence..." These statements are contradictory. The Court is essentially weighing the value of the alleged bargain after stating it is the right of the defendant's to assess the value. The defendant was sentenced to two concurrent terms of 18 to 20 years for armed robbery and armed assault with intent to rob, both of which provide a sentencing judge with a wide range of sentencing options from any term of years

-7-

up to life, life not being mandatory as with the habitual criminal indictment. Judges in Massachusetts routinely sentence defendants anywhere within this range. The threat of the enhancement took away any and all benefit of the judge's discretion that would of benefitted the defendant in plea negotiations.

Furthermore, the value of a plea bargain should be irrelevant when a defendant is unlawfully induced into a guilty plea due to ineffective assistance of counsel and because of such involuntarily foregoes his right to a fair trial. Who better to assess the value of an alleged plea bargain, than the defendant who has to serve the sentence. The defendant plead guilty because he felt he had no alternative given the threat of a mandatory life sentence. Under these circumstances, 18-20 years is not necessarily "a reduced sentence". See Appeals Court decision Pg. 3.

CONCLUSION

For all the foregoing reasons this Honorable Court should support the petitioner's Writ and order the Middlesex Superior Court to vacate the convictions and to hold a new trial.

Signed under the pains and penalties of perjury on this 2nd day of January 2004.

Certified,

*[signature]*

Joseph LeDoux Sr., pro se