UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH LEDOUX, SR.,    )
                       )
        Petitioner,    )
                       )
v.                     )        Civil Action No. 04-10116-WGY
                       )
KATHLEEN M. DENNEHY, et al.  )
                       )
        Respondents.   )

## MEMORANDUM OF LAW IN SUPPORT OF RESPONDENTS' MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED

The respondents, Kathleen M. Dennehy, Commissioner of Corrections, and Lois E.

Robinson, Superintendent (hereinafter, collectively, "the respondents"), respectfully submit this

memorandum in support of their motion to dismiss the petition for writ of habeas corpus filed by

the petitioner, Joseph LeDoux, Sr. The application for a writ of habeas corpus must be dismissed

because, as detailed more fully below, it is time-barred under 28 U.S.C. §224(d), the statute of

limitations for federal habeas corpus petitions, which is contained in the Antiterrorism and

Effective Death Penalty Act ("AEDPA"). Because the petitioner's conviction became final in

1995, more than a year before the passage of AEDPA, the petitioner was required to file his

petition within a one-year grace period that expired on April 24, 1997.[1] However, the petition

was not filed in this Court until January 20, 1994, more than six and one-half (6½) years after the

grace period expired. Accordingly, the petition must be dismissed as time-barred.

---

[1] As is set forth in greater detail in the "Argument" section below, the petitioner's 1996 filing of a motion to revise and revoke his sentence pursuant to Mass. R. Crim. P. 29 does not toll the running of the statute of limitations in this matter.

## **Prior Proceedings**

On November 22, 1994, the petitioner entered a plea of guilty to multiple counts of armed robbery and one count of armed assault of intent to rob.[2] *See* Docket Sheet for Middlesex County Superior Court Criminal Action 1994-00995 (hereinafter, "Docket Sheet"), attached hereto as Exhibit A. On December 2, 1994, the petitioner filed a motion to revise and revoke his sentence and for a new trial, which was denied by the Superior Court on that same day. *See id.* The petitioner did not appeal the denial of this motion. *Id.*

On August 27, 1996, the petitioner made a new motion to revise and revoke his sentence.[3] *See* Docket Sheet, Exhibit A hereto. This motion was apparently denied by the court, and in January 2000 the petitioner moved for reconsideration of the denial of the motion to revise and revoke his sentence. *See id.* The motion for reconsideration was denied on March 7, 2000.[4] *See id.*

---

[2] The petitioner was also charged with being a habitual criminal, but the Commonwealth filed a motion for Nolle Prosequi on this charge. *See* Docket Sheet for Middlesex County Superior Court Criminal Action 1994-00995, attached hereto as Exhibit A.

[3] The motion to revise and revoke the petitioner's sentence was not a motion for a new trial, nor was it a motion to withdraw his guilty plea. *See* Docket Sheet, Exhibit A.

[4] After the denial of the motion for reconsideration, the defendant made further motions for reconsideration (and for other relief) and filed an appeal. *See* Docket Sheet, Exhibit A hereto. By this time, however, the petitioner's claim for a writ of habeas corpus had already been time-barred for several years (as is set forth in greater detail in the "Argument" section, *infra*). Accordingly, the remainder of the procedural history is not detailed in this memorandum. Should this Court decline to dismiss this case on statute of limitations grounds, the remaining procedural history will be provided in a subsequent memorandum addressing the respondents' remaining defenses to the petition.

## Argument

**A.      The Petition Must Be Dismissed as Time-Barred Under the Statute of Limitations for Federal Habeas Corpus Petitions.**

The petitioner's request for a writ of habeas corpus must be dismissed under the statute of limitations enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2244(d), which became effective April 24, 1996.  That provision, which is applicable to federal habeas corpus petitions filed by state prisoners, provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(emphasis added).

In cases where a petitioner's conviction became final before the effective date of AEDPA (April 24, 1996), the First Circuit has construed § 2244(d) to allow petitioners a one-year "grace period" in which to file a habeas corpus petition. *Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir. 1999);

3

*Currie v. Matesanz*, 281 F.3d 261, 264 (1st Cir. 2002). The one-year grace period began on

April 24, 1996, the effective date of AEDPA, and ended on April 24, 1997. *Rogers v. United*

*States*, 180 F.3d 349, 355 (1st Cir. 1999), *cert. denied*, 528 U.S. 1126 (2000). *See also Duncan*

*v. Walker*, 533 U.S. 167, 183-84 (2001)(Stevens, J., concurring)(noting that "Courts of Appeals

have uniformly created a 1-year grace period, running from the date of AEDPA's enactment ...").

The one-year grace period applies to the petitioner in this case because his conviction

became final long before April 24, 1996, the effective date of AEDPA. The Superior Court

denied the petitioner's motion for a new trial on December 2, 1994. *See* Docket Sheet, Exhibit

A. Since the petitioner did not take a direct appeal from the denial of this motion, his conviction

became final at the expiration of the thirty-day period in which he could have taken an appeal,

i.e., on January 2, 1995. *See* 28 U.S.C. § 2244(d)(1)(A). He therefore had until the end of the

one year "grace period" -- i.e., until April 24, 1997 -- to file his federal habeas petition. *Gaskins*,

183 F.3d at 9; *Currie*, 281 F.3d at 264.

The federal habeas petition in this case was not filed until January 20, 2004, more than

six and one-half years after the one-year grace period elapsed on April 24, 1997. The petition is

therefore time-barred under the statute of limitations for habeas petitions and must be dismissed.

*See* 28 U.S.C. § 2244(d)(1)(A); *Gaskins*, 183 F.3d at 9; *Currie*, 281 F.3d at 264.

**B.    The Petitioner's 1996 Motion to Revise and Revoke His Sentence Under Mass. R. Crim. P. 29 Does Not Toll the Running of the Statute of Limitations**

The petitioner may argue that the statute of limitations in the instant case was tolled

because he filed a motion to revise and revoke his sentence, pursuant to Mass. R. Crim. P. 29, in

4

1996.[5]  *See* Docket Sheet, Exhibit A.   However, the filing of a Rule 29 motion does not serve to

toll the statute of limitations since it is not "post-conviction or collateral review" within the

meaning of AEDPA.  *See Bland v. Hall,* 2002 WL 989532 *2 (D. Mass., May 14, 2002)(where

motion "does not amount to a collateral attack" on a conviction, it is not a tolling event under 28

U.S.C. § 2244(d)(2))(internal quotations omitted), *aff'd* 2003 WL 182561 (1st Cir., April 8,

2003).  *See also Bridges v. Johnson,* 284 F.3d 1201 (11th Cir. 2002)(sentence review application

did not stop AEDPA's clock because it was not a mechanism for reviewing the merits of a

conviction); *Walkowiak v. Haines,* 272 F.3d 234, 238 (4th Cir. 2001)(to trigger Section

2244(d)(2), a petitioner must have invoked a procedure that "challenges the legality of the earlier

proceeding or judgment").

AEDPA provides that "[t]he time during which an properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §

2244(d)(2).  In order to constitute such "post-conviction or other collateral review," the

application in question must challenge the underlying conviction and not merely be a plea for

leniency in sentencing.  *See Walkowiak,* 272 F.3d at 238.  Courts which have examined this issue

have found that simply asking for a reduction of the sentence imposed, without challenging the

legality of the underlying conviction, is not sufficient to constitute "post conviction or other

---

[5] While the state court docket sheet does not show the exact date on which the motion to
revise and revoke was denied, it must be understood that the motion had been denied by January
2000, when the petitioner filed a motion for reconsideration of the denial of his earlier motion.
*See* Docket Sheet, Exhibit A.  For purposes of this motion only, the respondents will assume that
the motion to revise and revoke was decided in January 2000.

collateral review" for tolling the statute of limitations.[6]  *See Bridges*, 284 F.3d at 1202-02;

*Walkowiak,* 272 F.3d at 236-38.  For example, in *Bridges v. Johnson,* 284 F.3d 1201 (11th Cir.

2002), the Eleventh Circuit found that since motions under the Georgia statute permitting review

of sentences did not promote the twin aims of exhaustion and finality articulated by the Supreme

Court in *Duncan v. Walker,* 522 U.S. 167, 179 (2001), such motions did not toll the statute of

limitations for habeas claims pursuant to Section 2244(d)(2).  *See Bridges*, 284 F.3d at 1202-04;

*see also Duncan v. Walker,* 522 U.S. 167, 179 (2001).  Likewise, in *Walkowiak v. Haines,* 272

F.3d 234, 238 (4th Cir. 2001), the Fourth Circuit found that a motion under the West Virginia

Rule of Criminal Procedure for "correction or reduction of sentence" did not toll the statute of

limitations because it was "neither, properly understood, a proceeding separate and distinct from

the proceeding in which the original judgment was rendered, nor even a proceeding in which the

legality of the original judgment is attacked.  *Walkowiak,* 272 F.3d at 237.

Under Massachusetts law, the only vehicle for such "post-conviction or other collateral

review" is a motion or appeal pursuant to Rule 30 of the Massachusetts Rules of Criminal

---

[6] In dicta in the case of *Voravongsa v. Wall,* 349 F.3d 1 (1st Cir. 2003), the First Circuit stated that the petitioner's post-conviction motion for appointment of counsel did not serve to toll the statute of limitations because it did not "collaterally attack his state conviction or sentence." 349 F.3d at 6.  However, the *Voravongsa* case arose in the context of a review of the Rhode Island Post Conviction Remedy Act, § 10-9.1-1 *et seq.,* which is the exclusive remedy under Rhode Island law for challenging the validity of the conviction or sentence. *Voravongsa,* 349 F.3d at 4-5.  The dicta in the *Voravongsa* decision makes no mention of, and has no bearing on, a challenge raised under Massachusetts law, where Massachusetts law provides separate vehicles for challenging a conviction (Rule 30) and for seeking leniency in sentencing (Rule 29). *See* Mass. R. Crim. P. 29, 30.  As is set forth in detail above, only Rule 30 (not Rule 29) provides a vehicle for challenging the conviction which satisfies the requirements for tolling the statute of limitations.

Procedure,[7] which provides post-conviction relief for persons who are "imprisoned or restrained" in violation of state or federal law. *See* Mass. R. Crim. P. 30; *Stewart, petitioner*, 411 Mass. 566, 568 (1982)(Rule 30 "encompasses all motions for postconviction relief that challenge 'the sentence, conviction, or confinement imposed'")(internal citations omitted); *In re McCastle*, 401 Mass. 105, 106 (1987)(holding that Rule 30 of the Massachusetts Rules of Criminal Procedure is "the exclusive vehicle for postconviction relief")( *quoting Leaster v. Commonwealth*, 385 Mass. 547, 549 (1982)). *See also, generally,* Kent B. Smith, *Massachusetts Practice*, Vol. 30A, §§ 2021-61 (West 1983 & Supp. 2000). By contrast, a motion pursuant to Rule 29 does not challenge the legality of the underlying criminal conviction or sentence. *See* Kent B. Smith, *Massachusetts Practice*, Vol. 30A, § 2021, *quoting* Reporter's Notes to Mass. R. Crim. P. 29. Instead, Rule 29 provides a mechanism where by the trial judge may reconsider a concededly lawful sentence to remedy some perceived unfairness. *Id. See also* Mass. R. Crim. P. 29, 378 Mass. 899 (1979). Since the petitioner in the instant case had only a motion under Rule 29, and not under Rule 30, pending after 1997, his petition was time-barred as of April 24, 1997, and should now be dismissed. *See Bridges,* 284 F.3d at 1204.

### Conclusion

For the foregoing reasons, the respondents respectfully request that this Court dismiss the instant petition for a writ of habeas corpus as time-barred.

---

[7] Rule 30 of the Massachusetts Rules of Criminal Procedure is entitled "Post Conviction Relief." Mass. R. Crim. P. 30.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL


*Maura D. McLaughlin*
Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: February 19, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner, Joseph LeDoux, Sr., on February 19, 2004, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows: Joseph LeDoux, Sr., MCI-Plymouth Forestry, P.O. Box 207, South Carver, Massachusetts 02366.


*Maura D. McLaughlin*
Maura D. McLaughlin

8

# EXHIBIT A

MAS-20030912

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

02/10/2004
02:08 PM

## MICR1994-00995
## Commonwealth v Ledoux, Joseph

| | | | |
|---|---|---|---|
| **File Date** | 06/09/1994 | **Status** | Disposed (appeal denied) (dapden) |
| **Status Date** | 07/02/2003 | **Session** | 2 - Crim 2 (12B Cambridge) |
| **Jury Trial** | Unknown | **Origin** | I - Indictment |
| **Lead Case** | | | |

| | | | |
|---|---|---|---|
| **Trial Deadline** 08/03/1995 | **Deadline Status** Deadline active since return date | **Status Date** | 09/08/1994 |
| | **Custody Status** | **Start Date** | 07/12/2001 |
| **Weapon** | **Substance** | **Prior Record** | Unknown |
| **Arraignment** 08/03/1994 | **PTC Deadline** | **Pro Se Defendant** | No |

### OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 03/07/1994 | 265:017.1 | Guilty plea | 11/22/1994 |
| | Robbery, armed | | | |
| 2 | 03/08/1994 | 265:018:b.1 | Guilty plea | 11/22/1994 |
| | Assault, armed, intent to rob | | | |

### PARTIES

**Defendant**
Joseph Ledoux
Gender: Male
Active 06/09/1994

**Private Counsel 110810**
Maryellen Cuthbert
2 Shandel Drive
Chelmsford, MA 01824
Phone: 978-250-1270
Fax: 978-250-2758
Inactive 01/22/1997

**Private Counsel 373600**
Stanley W Norkunas
11 Kearney Square
Lowell, MA 01852
Phone: 978-454-7465
Fax: 978-937-7753
Withdrawn 02/03/1997

**Private Counsel 550135**
Jeanne E Earley
79 Merrimack Street
Suite 300
Lowell, MA 01852
Phone: 978-970-2255
Withdrawn 01/23/2001

case01 105091 y y y y y n n

MAS-20030912

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

02/10/2004
02:08 PM

## MICR1994-00995
## Commonwealth v Ledoux, Joseph

| | |
|---|---|
| | **Private Counsel 559376**<br>Jean C LaRocque<br>1 Commercial Wharf North<br>2nd floor<br>Boston, MA 02110<br>Phone: 617-523-9777<br>Fax: 617-523-6116<br>Active 01/26/2001 Notify |
| **Plaintiff**<br>Commonwealth<br>Gender: Unknown<br>Active 06/09/1994 | **District Atty's Office 544715**<br>Thomas O'Reilly<br>Assistant District Attorney<br>151 Warren Street - Suite 100<br>Lowell, MA 01852<br>Phone: 978-458-4440<br>Fax:<br>Active 08/03/1994 Notify |
| | **Private Counsel 647071**<br>Sheryl F Grant<br>Middlesex County District Atty's Office<br>40 Thorndike Street<br>East Cambridge, MA 02141<br>Phone: 617-679-6555<br>Fax: 617-225-0871<br>Active 08/12/2002 Notify |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 06/09/1994 | 1.0 | Indictment returned |
| 06/09/1994 | | Note:001(8cts) Habitual Criminal Ch279,S25. |
| 08/03/1994 | 2.0 | Appointment of Counsel Cuthbert |
| 08/03/1994 | | Appearance of Commonwealth's Atty: O'Reilly |
| 08/03/1994 | | Deft arraigned before Court |
| 08/03/1994 | | RE offense 1: Plea of not guilty |
| 08/03/1994 | | RE offense 2: Plea of not guilty |
| 08/03/1994 | | Bail set: No Bail. Defendant is serving a State Sentence. |
| 08/03/1994 | | Continued until 09/01/94 for pre-trial conference on all matters. |
| 09/01/1994 | | Continued until 09/15/94 for pre-trial conference. |
| 09/15/1994 | | Continued until 10/03/94 for a change of plea by agreement on all matters. |
| 10/03/1994 | | Continued until 10/13/94 for a change of Plea by agreement on all matters. |
| 10/14/1994 | | Continued until 10/21/94 for status (defendant not needed) 11/16/94 for trial on all matters. |
| 11/16/1994 | | Continued until 11/22/94 for trial by agreement on all matters. |
| 11/17/1994 | 3.0 | Habeas corpus for Deft at Shirley MCI |
| 11/22/1994 | | Plea of not guilty changed to guilty; accepted (Charles J Hely, Justice) Commonwealth moves for sentence. |

case01 105091 y y y y y n n

MAS-20030912

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

02/10/2004
02:08 PM

### MICR1994-00995
### Commonwealth v Ledoux, Joseph

| Date | Paper | Text |
|---|---|---|
| 11/22/1994 | | Sentence imposed: 001 - GENERAL SENTENCE-M.C.I., Cedar Justice for a term not exceeding Twenty Years, or less than Eighteen Years-To Run Concurrent With Any Sentence Now Being Served Including Essex County Matters-To Run Nunc Pro Tunc To 8/3/94 Credit Days-112. Mitts Ussued (Charles J Hely, Justice) |
| 11/22/1994 | | Sentence imposed: 002-M.C.I., Cedar Junction for a term not exceeding Twenty Years, or less than Eighteen Years. Concurrent with 001. (Charles J Hely, Justice) |
| 11/22/1994 | | Commonwealth Makes Oral Motion Filing Of A Nolle Prosequi As To 001 Habitual Criminal |
| 11/22/1994 | | Nolle pros as to 001 Habitual Criminal. |
| 11/22/1994 | | Notified of right of appeal under Rule 64 to the Appellate Division of the Superior Court. |
| 11/22/1994 | 4.0 | Mittimus returned with service on 001 and 002. |
| 11/29/1994 | | Attested copy of Indictment mailed to the Superintendent of the Massachusetts Correctional Institution, Cedar Junction. |
| 12/02/1994 | 5.0 | Motion by Deft: To Revise And Revoke Findings And Motion For A New Trial, Filed And Denied Without A Hearing (Charles J Hely, Justice) |
| 08/27/1996 | 6.0 | Pro-Se Motion By Defendant For Revise And Revoke, With Affidavit and Memorandum, Filed in Court |
| 08/27/1996 | 7.0 | Affidavit of Michelle M Tanguay, Filed in Court. |
| 09/17/1996 | 8.0 | Motion by Commonwealth: In Opposition To Defendant's Motion For Revise And Revoke |
| 01/22/1997 | 9.0 | Appointment of Counsel Norkunas (Appt. No. 1600636-2) |
| 02/03/1997 | | Appointment of Counsel Norkunas (P#9) Is Hereby Vacated (Charles Hely, Justice) |
| 02/03/1997 | | Appearance of Deft's Atty: Earley |
| 01/28/2000 | 10.0 | Motion by Deft: For Reconsideration Of Motion to Revise And Revoke With Affidavit And Memorandum (copies sent to Judge Hely) |
| 03/07/2000 | 11.0 | Memorandum of decision and order on motion for reconsideration of motion to revise and revoke Re: The defendants motion for reconsideration of Motion to revise and revoke is Denied (Charles J Hely,Justice) |
| 03/24/2000 | 12.0 | Letter from defendant to (Hely,J) copies sent |
| 03/27/2000 | | Motion (P#12) This letter is treated as a motion to reconsider, and it is denied (Hely, J.)(notice sent to deft., deft's atty. & A.D.A. |
| 07/17/2000 | 13.0 | Motion by Deft: For Free Transcripts Of Guilty Plea Hearing 11/22/94 |
| 07/17/2000 | | Motion (P#13) allowed (Hely,J) |
| 07/18/2000 | 14.0 | Court Reporter Virginia Karas is hereby notified to prepare one copy of the transcript of the evidence of Nov 22, 1994 Plea before Hely, J. (copy of allowed motion enclosed) |
| 08/17/2000 | 15.0 | Motion by Deft: To Withdraw Guilty Plea and Request For New Trial with Affidavit of Defendant in Support of Motion to Withdraw Guilty Plea and For New Trial and Memorandum in Support of Motion to Withdraw Guilty Plea and Request for New Trial (case sent to Judge) |
| 08/17/2000 | 16.0 | Motion for appointment of counsel with Affidavit of Indigency and |

case01 105091 y y y y y n n

MAS-20030912

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

02/10/2004
02:08 PM

## MICR1994-00995
## Commonwealth v Ledoux, Joseph

| Date | Paper | Text |
|------|-------|------|
| | 16.0 | Request for Waiver, Substitution or State Payment of Fees and Costs (case sent to Judge) |
| 08/24/2000 | | Motion (P#16) allowed (Charles J. Hely, Justice), copy sent to Atty. Stanley W. Norkunas |
| 01/23/2001 | 17.0 | Appearance of Deft's Atty: Jean C LaRocque |
| 07/26/2001 | | Motion (P#15) denied, see memorandum (Charles J. Hely, Justice) copy sent to defn, atty & da |
| 07/26/2001 | 18.0 | Memorandum of Decision and Order on Motion to Withdraw Guilty Plea and Request for New Trial .ORDER: The motion to withdraw guilty plea and request for a New Trial is Denied. By the Court, Chrles J Hely, Justice. Copy to deft. Atty and DA( |
| 08/10/2001 | 19.0 | Motion by Deft: To "Reconsider" Motion to Withdraw Guilty Pleas and Request for a New Trial with Memorandum in Support of Defendant's Motion (copy to Judge Hely) |
| 08/15/2001 | 20.0 | Deft files Notice of Appeal of denial of motion to withdraw guilty pleas & request for new trial. copy sent to Justice Hely |
| 08/15/2001 | 21.0 | Motion by Deft: for Free Transcripts of Motion to Withdraw Guilty Plea & Request for New Trial Hearing of 7/23/01. copy sent to Justice Hely |
| 08/15/2001 | 22.0 | Motion by Deft: for a Stay of Execution: Relief Pending Review with Supporting Affidavit. copy sent to Justice Hely |
| 08/16/2001 | | Motion (P#19) denied (Charles J. Hely, Justice) parties notified |
| 09/05/2001 | 23.0 | Deft files Notice of Appeal on denial of motion to Reconsider motion to withdraw guilty pleas & request for a new trial. |
| 09/06/2001 | | Court Reporter Elizabeth Tyler is hereby notified to prepare one copy of the transcript of the evidence. (7/23/01-Motion to withdraw guilty plea & request for new trial) (Hely, J.) |
| 10/17/2001 | | Motion (P#21) A Transcript was ordered on 9-6-01 (Hely,J) |
| 10/17/2001 | | Motion (P#22) Denied (Hely,J) |
| 02/25/2002 | 24.0 | Two sets, One Volume in each set of the Transcript of Evidence delivered to the office of the Clerk of courts (July 23, 2001 Motions) Elizabeth C Tyler, Court Reporter |
| 02/25/2002 | 25.0 | Notice of assembly of record; two certified copies of docket entries two sets of the Transcript of Evidence and P#23 Notice of Appeal sent to the Clerk of the Appeal Court this day |
| 02/25/2002 | | Notice of assembly of record;sent to Jean C LaRocque, Esquire & Martha Coakley, District Attorney |
| 02/28/2002 | | Notice of Entry: In accordance with Massachusetts Rule of Appellate Procedure 10 (a) (3) please note that the above-referenced case was entered in this court on 2-25-02 |
| 08/12/2002 | 26.0 | Appearance of Commonwealth's Atty:Sheryl Grant |
| 08/13/2002 | 27.0 | Motion by Deft: Pro Se Motion To Revise And Revoke With Memorandum And Affidavit In Support Of Motion. (Copy to Hely, J.) |
| 08/13/2002 | 28.0 | Motion by Deft: Pro Se For A Writ Of Habeus Corpus AD Testificadum. (Copy to Hely, J.) |
| 09/26/2002 | 29.0 | Commonwealth files Opposition to Defendants Motion to Revise and |

case01 105091 y y y y y n n

MAS-20030912

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Criminal Docket**

02/10/2004
02:08 PM

## MICR1994-00995
## Commonwealth v Ledoux, Joseph

| Date | Paper | Text |
|------|-------|------|
| | 29.0 | Revoke |
| 09/30/2002 | | Motion (P#27) denied (Charles J. Hely, Justice) Copies mailed |
| 07/02/2003 | 30.0 | Rescript received from Appeals Court;Denial of motions to withdraw |
| | | pleas of guilty and for a new trial and for reconsideration AFFIRMED |