UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH LEDOUX, SR., )
 )
    Petitioner, )
 )
v. ) CIVIL ACTION
 ) NO. 04-10116-WGY
KATHLEEN M. DENNEHY, et al. )
 )
    Respondents. )
 )

ORDER

YOUNG, C.J.                                                         March 1, 2004

    Respondents move to dismiss Petitioner Joseph Ledoux, Sr.'s ("Ledoux") petition for writ of habeas corpus as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). Specifically, Respondents argue that Ledoux's petition is time-barred because his convictions became final thirty days after his Motion for a New Trial was denied on December 2, 1994 and he failed to appeal. Respondents' point out that since Ledoux's convictions became final in January 1995, before the effective date of AEDPA on April 24, 1996, Ledoux was required to file his petition within a one-year grace period that expired on April 24, 1997. Respondents further contend that under Bland v. Hall, No. 00-12020, 2002 WL 989532 (D. Mass. 2002) (Zobel, J.), aff'd on other grounds, 62 Fed. Appx. 361 (1st Cir. 2003), attached herein, Ledoux's filing of a

Motion to Revise and Revoke Sentence on August 27, 1996 did not toll the one year statute of limitations.

Section 2244(d)(2) tolls the limitations period during the pendency of any "properly filed application for state post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Faced with the question of whether a motion to revise and revoke a sentence pursuant to Massachusetts Rules of Criminal Procedure 29 qualified as a request for "collateral review," the court in Bland held that it did not. Bland, 2002 WL 989532 at *2. The First Circuit affirmed the district court's decision to dismiss the petition on other grounds, without resolving the tolling issue presented. Bland, 62 Fed. Appx. at 361.

This Court considers Judge Zobel's reasoning in Bland to be persuasive. In that case, the petitioner's motion to revise and revoke his sentence "did not present any errors of law to the trial judge and did not present any arguments which, if meritorious, would require sentence modification as a matter of law." Bland, 2002 WL 989532 at *2. In this case, however, the record is unclear as to what Ledoux alleged in his Motion to Revise and Revoke Sentence.

Given the potential importance of this issue, the Court holds that the parties may, within forty-five days of this order, submit additional briefs, subject to ordinary length limitations, on two issues: First, did Ledoux's Motion to Revise and Revoke

2

Sentence, filed August 27, 1996, attempt to challenge in any way the legal sufficiency of his convictions or imposition of his sentence?  Second, what impact, if any, should Bland v. Hall have on the outcome of this case?  There will be no further oral argument, and upon receipt and consideration of any additional briefs filed within the time allotted, the Court shall rule promptly on the Respondents' Motion To Dismiss Petition For Writ Of Habeas Corpus [Docket No. 5].

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
CHIEF JUDGE