UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| JOSEPH LEDOUX, SR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>KATHLEEN M. DENNEHY, et al. )<br>)<br>Respondents. )<br>) | Civil Action No. 04-10116-WGY |

**ADDITIONAL MEMORANDUM IN SUPPORT OF
RESPONDENTS' MOTION TO DISMISS PETITION
FOR WRIT OF HABEAS CORPUS AS TIME-BARRED**

**Introduction**

In accordance with this Court's order dated March 1, 2004 (hereinafter, "Order"), the respondents, Kathleen M. Dennehy, Commissioner of Corrections, and Lois E. Robinson, Superintendent (hereinafter, collectively, "the respondents"), respectfully submit the following additional memorandum in support of their motion to dismiss the petition for writ of habeas corpus filed by the petitioner, Joseph LeDoux, Sr. In its Order of March 1st, this Court invited the parties to address the questions of (1) whether the petitioner's motion to revise and revoke attempted to challenge the legal sufficiency of his convictions or imposition of his sentence; and (2) what impact should *Bland v. Hall*, 2002 WL 989532 (D.Mass. 2002) have on this case? The respondents respectfully assert, and the petitioner appears to agree, the first of these two questions must be answered in the negative. As to the second question, it is clear that the reasoning set forth in *Bland v. Hall*, should be applied to this case and the petition should be dismissed.

## **Argument**

A.  The Motion to Revise and Revoke Did Not Challenge the Legality of the Petitioner's Conviction.

The docket in the state court case underlying this matter notes the August 27, 1996, filing as a "Motion By Defendant For Revise and Revoke" [sic], without any mention of an accompanying motion for a new trial. *See* Docket Sheet, Exhibit A hereto. This notation stands in direct contrast to the entry for December 2, 1994, in which the presence of a motion for a new trial is clearly set forth.[1] *See id.* Indeed, the petitioner himself admits, in his submission to this Court of March 8, 2004, that his "Motion to Revise and Revoke sentence [sic] filed on August 27, 1996, did not challenge in any way the legal sufficiency of his convictions or imposition of his sentences." *See* Addendum to Petitioner's Motion of Opposition to Respondent's Motion to Dismiss Petitioner's Writ as Time Barred and in Response to Court Order, attached hereto as Exhibit B. Accordingly, the August 1996 motion did not constitute "post-conviction or other collateral review," and should not serve to toll the statute of limitations for AEDPA.

B.  The Reasoning of Bland v. Hall Should Be Applied to the Instant Case and the Case Should Be Dismissed as Time-Barred

As the Motion to Revise and Revoke was simply a Rule 29 motion addressing the petitioner's sentence, and not a Rule 30 motion challenging the legal sufficiency of the petitioner's conviction, it not "post-conviction or other collateral review," and does not serve to toll the statute of limitations for filing a habeas petition. As Judge Zobel observed in *Bland v. Hall*, 2002 WL 989532 (D.Mass.), "[c]ollateral review typically connotes a proceeding

---

[1] It is the petitioner's December 1994 filing which he attached to his February 23, 2004, submission to this Court and to which he directs the Court's attention in his filing of March 8, 2004.

2

'separate and distinct from an earlier proceeding, so also does it typically entail a challenge to the legality of the earlier proceeding or judgment.' . . . A Rule 29 motion fits neither of these criteria." *Bland*, 2002 WL 989532 at *2. Since the rules governing the time for filing federal habeas petitions speak only to "post-conviction or other collateral relief," and not to proceedings designed to challenge the fairness of a sentence, a Rule 29 motion cannot serve to toll the statute of limitations and the instant petition should be dismissed as time-barred.

### Conclusion

For the foregoing reasons, and for the reasons set forth in Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred and the accompanying memorandum of law, the respondents respectfully request that the petition for a writ of habeas corpus be dismissed as time-barred.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL


Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: April 6, 2004

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the petitioner, Joseph LeDoux, Sr., on April 6, 2004, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows: Joseph LeDoux, Sr., MCI-Plymouth Forestry, P.O. Box 207, South Carver, Massachusetts 02366.

                                                              _/s/ Maura D. McLaughlin_
                                                              Maura D. McLaughlin