UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH LEDOUX, SR., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> KATHLEEN M. DENNEHY, et al. ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. 04-10116-WGY |

**AFFIDAVIT OF MAURA D. MCLAUGHLIN
IN RESPONSE TO THIS COURT'S ORDER OF APRIL 15, 2004**

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK, ss:

The undersigned, Maura D. McLaughlin, hereby deposes and states:

**Introduction**

1. My name is Maura D. McLaughlin, and I am currently employed as an Assistant Attorney General. I represent the respondents, Kathleen M. Dennehy, et al., in the above-captioned matter. I am making this affidavit in response to this Court's order dated April 15, 2004 (hereinafter, "the Order"), which required the parties "to submit to this Court . . . a copy of Petitioner Joseph LeDoux. Sr.'s Motion to Revise and Revoke Sentence, filed August 27, 1996."

2. Despite diligent efforts, as detailed in paragraphs 3 and 4, below, I have not been able to obtain a copy of the August 27, 1996, motion described in the Order. I have, however, attached to this affidavit (as Exhibits A, B, and C, respectively) the opposition to the motion; the

petitioner's motion for reconsideration of his motion to revise and revoke[1]; and the court's order on the motion for reconsideration. As is explained more fully in paragraph 5 of this affidavit, these documents show that the petitioner's motion to revise and revoke did not contest the legality of his sentence, but was instead a plea for leniency in sentencing.

### Efforts to Locate the Motion to Revise and Revoke

3. On April 29, 2004, I visited the office of the Clerk of Courts for Middlesex County, Criminal Department, in an effort to obtain a copy of the motion to revise and revoke.[2] At that time, I conducted a thorough review of the file in the petitioner's criminal case, Middlesex Criminal Docket No. 1994-00995, and was unable to find either the original or any copy of the motion to revise and revoke. At least two members of the clerk's office staff also looked for the motion to revise and revoke while I was in the clerk's office, without success.

4. Since efforts to obtain the motion from the clerk's office had failed, I spoke with representatives of the Office of the District Attorney for Middlesex County in an effort to see if it might be possible to obtain a copy of the document from the District Attorney's files. The District Attorney's office has informed me that the portion of the file which might contain a

---

[1] In the second paragraph of his Motion for Reconsideration of Motion to Revise and Revoke the petitioner mentions "a combination Motion to Revise and Revoke Findings and Motion for New Trial (see Exhibit A)." *See* Exhibit B hereto. This statement clearly refers to the 1994 motion mentioned in earlier court filings, not to the August 27, 1996, filing. The fact that the petitioner's statement refers to the 1994 motion can be seen by looking at the certificate of service on Exhibit A to his motion for reconsideration (the document to which he cites in support of his statement about a combined motion). The certificate of service clearly states that counsel served the motion of "November 29, 1994."

[2] Prior to my visit to the Middlesex County Courthouse, I had been informed, in a telephone conversation with a representative of the clerk's office, that the clerks could not find a copy of the motion in their file.

2

motion from 1996[3] is in off-site storage, and that the District Attorney has placed a request to have that file brought in from the storage site. As of this date, however, all efforts to obtain a copy of the motion have been unsuccessful.

### The Attached Documents Show That the August 27, 1996, Motion Did Not Challenge the Legality of the Petitioner's Sentence

5.      Attached to this affidavit as Exhibits A through C, respectively, are the Commonwealth's opposition to the motion to revise and revoke; the petitioner's motion for reconsideration of the motion to revise and revoke (with attached affidavits and memorandum); and the Court's order on the motion. A review of these documents makes it clear that the motion was a plea for lenience in the petitioner's sentence, due to the hardships his incarceration presented to the petitioner's family. *See, e.g.,* Motion for Reconsideration, Exhibit B, and attachments thereto. There is no suggestion that the petitioner's guilty plea was unlawful or that the plea was obtained in violation of any of the petitioner's constitutional rights.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 5TH DAY OF MAY, 2004.

*Maura D. McLaughlin*
Maura D. McLaughlin
Assistant Attorney General

Dated: May 5, 2004

---

[3] The District Attorney's office could not say with certainty whether a copy of the motion in question was in the District Attorney's file.

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the petitioner, Joseph LeDoux, Sr., on May 5, 2004, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows: Joseph LeDoux, Sr., MCI-Plymouth Forestry, P.O. Box 207, South Carver, Massachusetts 02366.

                                                  Maura D. McLaughlin