UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 MAY 25  P 1:39
U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| JOSEPH LEDOUX, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-10116-WGY |
| ) | |
| KATHLEEN M. DENNEHY, et al. ) | |
| ) | |
| Respondents. ) | |

### RESPONDENTS' SUPPLEMENTAL FILING
### IN RESPONSE TO THIS COURT'S ORDER OF APRIL 15, 2004

#### Introduction

In accordance with this Court's order dated April 15, 2004 (hereinafter, "Order"), the respondents, Kathleen M. Dennehy, Commissioner of Corrections, and Lois E. Robinson, Superintendent (hereinafter, collectively, "the respondents"), respectfully submit the following supplemental filing in support of their motion to dismiss the petition for writ of habeas corpus filed by the petitioner, Joseph LeDoux, Sr. (hereinafter, "the petitioner").

#### Background

In its Order of April 15th, this Court instructed the parties to file copies of the petitioner's Motion to Revise and Revoke his sentence pursuant to Mass. R. Crim. P. 29 (hereinafter, "the Motion") within twenty (20) days of the Order. At the time of the deadline imposed by the Court's Order, the respondents had been unable to obtain a copy of the Motion. On May 6, 2004, the respondents filed the affidavit of Maura D. McLaughlin, Esq., detailing their efforts, through

counsel, to obtain a copy of the Motion.[1] On or about May 20, 2004, the respondents were provided with a copy of the Motion along with its supporting documentation.

### Documents Related to Motion to Revise and Revoke

In accordance with the Court's Order, the respondents enclose herewith the following documents in connection with the petitioner's motion to revise and revoke:

1. Defendant's Late Motion for Revise and Revoke [sic] of Sentences, dated August 23, 1996 (Exhibit A hereto);

2. Defendant's Affidavit in Support of Motion for Revise and Revoke of Sentences (Exhibit B);

3. Defendant's Memorandum of Law in Support of Motion for Revise and Revoke of Sentences (Exhibit C); and

4. Affidavit of Michelle M. Tanguay (in support of the defendant's motion)(Exhibit D).

These documents will hereinafter be referred to collectively as "the motion documents."[2]

### The Motion to Revise and Revoke Is a Plea for Leniency, Not a Challenge to the Legality of the Sentence

A review of the motion documents demonstrates that the petitioner's motion to revise and revoke his sentence, filed in August 1996, was a plea for leniency in accordance with Mass. R. Crim. P. Rule 29, and not a challenge to the legality of his sentence under Rule 30. The

---

[1] Attached to that affidavit were copies of the opposition to the Motion, a Motion for Reconsideration of the Motion, and the Court's ruling on the motion.

[2] A review of the file indicates that a set of exhibits was also filed with the Motion to Revise and Revoke in August 1996. Since those exhibits contain confidential information about the petitioner (including DSS records pertaining to the petitioner when he was a minor) those exhibits are not filed with this Supplemental Filing. Should this Court order that copies of the exhibits be filed, or should the petitioner express his consent to having these exhibits filed, the respondents will promptly produce same.

petitioner alleges that he should have been given a lighter sentence on the grounds that "as a child [he] was in a couple of foster-homes" and was deprived of a stable home life; that he was the victim of "neglect and serious child abuse;" "that [his] mother and step father were alcoholics;" that he had problems with his girlfriend and children, including learning that his son suffered from epilepsy; and "that [he] was a drug abuser" and had been addicted to alcohol since infancy. *See Affidavit in Support of Motion to Revise and Revoke,* Exhibit B, ¶¶ 5-6, 9; *Memorandum of Law in Support of Motion to Revise and Revoke*, Exhibit C, pp. 3-4. The petitioner also states that he requested that his attorney send a letter of apology to his victims; that, while in prison, he requested mental health counseling and engaged in other rehabilitative activities; and that his incarceration has a negative impact on his children and his long-term girlfriend. Exhibit B, ¶¶ 15, 17, 22, 23-25; *see also, generally,* Exhibit D. The petitioner asserts that had his attorney brought all of this information to the attention of the sentencing judge, the judge might have given the petitioner a more lenient sentence. *See* Exhibit C, pp. 5-6.

A review of the motion documents shows that the petitioner's complaint of "ineffective assistance of counsel" arises from the fact that the petitioner believes that his counsel did not present to the court the factors which might have caused him to be given a more lenient sentence, not from any challenge to the legality of the guilty plea. Indeed, the petitioner makes clear, in the affidavit supporting his motion to revise and revoke, that his 1994 motion "was essentially a motion attaching the guilty findings and a request for a new trial . . . . That is not what I have understood revise and revoke motions are for, and it is clearly not what I had requested Attorney Cuthbert to do . . . . I plead guilty in the instant case because I committed [the crimes] and not merely upon her advice." *See* Exhibit B, ¶¶ 26-27.

3

The petitioner noted his understanding that relief under a motion to revise and revoke "is discretionary with the sentencing judge, and that [he had] no right to such relief." *See* Exhibit B, ¶ 29. The petitioner simply sought, in his August 1996 motion, to have his sentence reduced based upon personal factors, not to challenge the legality of his sentence. *Id.*; *see also* Exhibit C, p. 6 (referring to a motion under Mass. R. Crim. P. 29). Accordingly, the August 1996 motion is not a motion which would toll the statute of limitations for a habeas petition, and the instant petition must be dismissed as time-barred.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

*/s/ Maura D. McLaughlin*
Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: May 24, 2004

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the petitioner, Joseph LeDoux, Sr., on May 24, 2004, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows: Joseph LeDoux, Sr., MCI-Plymouth Forestry, P.O. Box 207, South Carver, Massachusetts 02366.

                                                                                      Maura D. McLaughlin

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                    SUPERIOR COURT DEPARTMENT
                                                 NOS: 94-995001-002

COMMONWEALTH OF MASSACHUSETTS )
                              )
     V.                       )   DEFENDANT'S LATE MOTION FOR
                              )   REVISE AND REVOKE OF SENTENCES.
JOSEPH M. LEDOUX              )
                  DEFENDANT   )

NOW COMES THE DEFENDANT, JOSEPH M. LEDOUX, IN THE ABOVE REFERENCED MATTER, AND HEREBY, PURSUANT TO MASS.R.CRIM.P. 29(A), MOVE THAT THIS HONORABLE COURT REVISE AND REVOKE SENTENCES. IN SUPPORT THEREFOR, THE DEFENDANT SUBMITS AS FOLLOWS;

1) THAT THE DEFENDANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING AND POST CONVICTION STAGE BY;

A) COUNSEL'S FAILURE TO RETAIN THE DEFENDANT'S DSS RECORDS, REVIEWING THEM, HAVING THE DEFENDANT EVALUATED, AND PRESENTING THE RESULTS TO THE SENTENCING JUDGE, WHICH PREJUDICED THE DEFENDANT AT SENTENCING;

B) COUNSEL'S FAILURE TO FILE A TIMELY MOTION TO REVISE AND REVOKE SENTENCES, WHICH PREJUDICED THE DEFENDANT;

2) THAT THE DEFENDANT IS ENTITLED TO FILE HIS MOTION FOR REVISE AND REVOKE LATE WHERE HE WAS MISLED BY COUNSEL. **SEE ATTATCHED MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REVISE AND REVOKE OF SENTENCES.**

WHERE, THE DEFENDANT RESPECTFULLY REQUEST THAT THE COURT GRANT THE INSTANT MOTION.

                                           RESPECTFULLY SUBMITTED,

-2-

DATED August 23, 1996

/s/ Joseph M. Ledoux
JOSEPH M. LEDOUX (PRO SE)
MCI-SHIRLEY MEDIUM COMPLEX
P.O. BOX 1218
SHIRLEY, MASSACHUSETTS
01464

### CERTIFICATE OF SERVICE

I, JOSEPH M. LEDOUX, HEREBY CERTIFY THAT I HAVE SERVED UPON DISTRICT ATTORNEY THOMAS O'REILLY'S OFFICE, DISTRICT ATTORNEY'S OFFICE, 40 THORNDIKE STREET, EAST CAMBRIDGE, MASSACHUSETTS, 02141, BY FIRST CLASS, POSTAGE PREPAID MAIL ON THIS 23 DAY OF August, 1996 THE FOLLOWING DOCUMENTS:

1) DEFENDANT'S LATE MOTION TO REVISE AND REVOKE OF SENTENCES;

2) AFFIDAVIT IN SUPPORT OF MOTION TO REVISE AND REVOKE SENTENCES WITH ATTATCHMENTS;

3) MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REVISE AND REVOKE OF SENTENCES;

4) AFFIDAVIT OF MICHELLE M. TANGUAY.

/s/ Joseph M. Ledoux
PRO SE

# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss
SUPERIOR COURT DEPARTMENT
NOS: 94-995001-002

COMMONWEALTH OF MASSACHUSETTS )
)
V. ) DEFENDANT'S AFFIDAVIT IN SUPPORT
) OF MOTION FOR REVISE AND REVOKE OF
JOSEPH M. LEDOUX ) SENTENCES.
DEFENDANT )

I, JOSEPH M. LEDOUX, **BEING DULY SWORN**, DEPOSES, AND SUBMITS AS FOLLOWS;

1) THAT I AM THE DEFENDANT IN THE INSTANT CASE;

2) THAT I MAKE THE FOREGOING MOTION FOR REVISE AND REVOKE OF SENTENCES, THE INSTANT AFFIDAVIT AND ATTACHMENTS, AND THE ATTACHED MEMORANDUM OF LAW, IN GOOD FAITH;

3) THAT ON NOVEMBER 22, 1994, ON THE ADVICE OF COURT APPOINTED COUNSEL, MARYELLEN CUTHBERT, I ENTERED PLEAS OF GUILTY TO 8 COUNTS OF ARMED ROBBERY(NO: 94-995001), AND ARMED ASSAULT WITH INTENT TO ROB(NO: 94-995002);

4) THAT JUST PRIOR TO IMPOSITION OF THE SENTENCES, THE COURT, HELY, J., PRESIDING, THE COURT HEARD FROM BOTH ATTORNEY CUTHBERT, AND THE COMMONWEALTH'S COUNSEL;

5) THAT ON MY BEHALF, ATTORNEY CUTHBERT INFORMED THE COURT THAT, AS A CHILD I WAS IN A COUPLE OF FOSTER-HOMES; THAT MY MOTHER AND STEP FATHER WERE ALCOHOLICS; AND THAT I WAS A DRUG ABUSER;

6) I DON'T RECALL MUCH OF ANYTHING ELSE THAT ATTORNEY CUTHBERT MAY HAVE INFORMED THE COURT BECAUSE SHE SPOKE SO LOW. HOWEVER, PRIOR TO MY CHANGE OF PLEAS I HAD INFORMED ATTORNEY CUTHBERT I WAS IN SEVERAL FOSTER-HOMES DURING MY CHILDHOOD AS A RESULT OF NEGLECT

-2-

AND SERIOUS CHILD ABUSE: THAT I WAS BORN AN ALCOHOLIC AND THAT MY MOTHER USE TO GIVE ME ALCOHOL TO PUT ME TO SLEEP AS A CHILD; THAT DURING THE TIMES I WAS IN FOSTER-HOMES AS A RESULT OF THE DEPARTMENT OF SOCIAL SERVICES GETTING INVOLVED, ME AND THE REST OF MY SIBLINGS WERE CONSTANTLY MOVED AROUND FROM HOME TO HOME, AND AS I HATE TO ADMIT IT, MY MOTHER HAD A VERY DAMAGING EFFECT ON ME WHILE IN THE FOSTER HOMES. SEE EXHIBITS -1-63 ATTACHED HERETO;

7) THAT I HAD INFORMED ATTORNEY CUTHBERT THAT I HAD A GIRLFRIEND AND TWO CHILDREN BY HER AND THAT WE HAD, IN FACT LIVED TOGETHER; THAT I WAS GAINFULLY EMPLOYED AT DEMOULAS MARKETS FROM 1982 TO 1988, AND THAT DURING THAT TIME I BECAME THE YOUNGEST MANAGER OF THAT WHOLE CHAIN, BUT IN 1988, I COMMITTED VEHICLE HOMICIDE WHILE UNDER THE INFLUENCE OF ALCOHOL AND WAS IMPRISONED; THAT IN 1990, I WAS RELEASED FROM PRISON, AND RETURNED TO DEMOULAS UNTIL I LOST MY JOB IN JANUARY 1994; THAT I FOUND OUT AT THAT TIME THAT MY SON WAS EPELEPTIC, WHICH HAD A DEVASTATING AFFECT ON ME BECAUSE I SUFFER THE SAME ILLNESS AND BECAUSE, I WAS UNDER SO MUCH STRESS, I RESORTED TO THE USE OF CRACK COCAINE;

8) THAT IN THE SECOND WEEK OF FEBRUARY 1994, I INFORMED MY PROBATION OFFICER, JOSEPH BURKE, THAT I WAS ADDICTED TO CRACK COCAINE, AND HE IMMEDIATELY GOT ME INTO A DETOXIFICATION CENTER. AFTER ABOUT A WEEK IN THE CENTER, THE CENTER TERMINATED MY TREATMENT BECAUSE I LACKED INSURANCE TO PAY FOR THE TREATMENT;

9) THAT I RETURNED TO THE APARTMENT WHERE MY GIRLFRIEND AND I RESIDED WITH OUR CHILDREN ONLY TO FIND THAT MY GIRLFRIEND AND

-3-

CHILDREN WERE NOT THERE, THE APARTMENT WAS EMPTY, AND I WAS LEFT HOMELESS;

10) THAT I WAS GREATLY DISTURBED BY BEING ABANDONED BY MY GIRLFRIEND WITH MY CHILDREN, WHICH ONLY COMPOUNDED MY PROBLEMS IT SEEMED. HOWEVER I DID FIND SOME SIDE WORK, BUT AGAIN, I RESORTED TO THE USE OF CRACK COCAINE BECAUSE I THOUGHT IT HELPED ME ESCAPE MY PROBLEMS. I BECAME SO DEPRESSED, AND REALLY DID WANT TO GET OFF COCAINE THAT AGAIN I SPOKE WITH MY PROBATION OFFICER AND INFORMED HIM THAT ON MARCH 11, 1994, I WAS ON COCAINE AGAIN, AND THAT I NEEDED HELP BADLY. HE IMMEDIATELY ATTEMPTED TO GET ME BACK INTO THE TREATMENT CENTER AGAIN BUT THAT ATTEMPT WAS UNSUCESSFUL. THREE DAYS LATER, HOWEVER, I WAS ARESTED FOR THE CRIMES FOR WHICH I AM INCARCERATED;

11) THAT ATTORNEY CUTHBERT WAS, IN FACT, AWARE OF THESE FACTS WHEN SHE ADDRESSED THE COURT DURING THE SENTENCING PHASE OF THE INSTANT CASES, BUT I DID NOT HEAR HER PRESENT THESE FACTS. NOR DO I KNOW IF THIS INFORMATION WAS IN THE PROBATION RECORD.

12) THAT I DO NOT KNOW IF ATTORNEY CUTHBERT EVER SOUGHT TO DISCOVER MY DDD RECORDS EITHER BY COURT ORDER OR THROUGH HER OWN EFFORTS;

13) THAT, AFTER THE COURT HEARD FROM THE COMMONWEALTH'S ATTORNEY, THE COURT IMPOSED AN 18 TO 20 YEAR SENTENCE FOR THE EIGHT ARMED ROBBERY CHARGES, **SEE EXHIBIT-64,** AND AN ADDITIONAL 18 TO 20 YEAR SENTENCE FOR THE ARMED ASSAULT WITH INTENT TO ROB CHARGE. **SEE EXIBIT-65.** THE SENTENCES WERE IMPOSED TO RUN CON-CURRENTLY WITH ONE ANOTHER, AND CONCURRENT WITH ALL OTHER SEN-TENCES BEING SERVED AT THAT TIME.[1] ADDITIONALLY, THE COURT

-4-

CREDITED ME WITH A 112 DAY JAIL TIME CREDIT. EXHIBITS-64-65;

14) THAT AFTER THE SENTENCES WERE IMPOSED, AND I WAS REMANDED TO THE DEPARTMENT OF CORRECTIONS, ATTORNEY CUTHBERT AND I DISCUSSED THE FILING OF A MOTION TO REVISE AND REVOKE OF THE SENTENCES, ON NOVEMBER 29, 1994 ATTORNEY CUTHBERT FILED A MOTION TO REVISE AND REVOKE THE FINDINGS AND FOR A NEW TRIAL, WITH A CERTIFICATE OF SERVICE. **SEE EXHIBITS-71-73;**

15) THAT PRIOR TO THE FILING OF THE MOTION FOR REVISE AND REVOKE BY ATTORNEY CUTHBERT, IN A LETTER DATED NOVEMBER 29, 1994, **SEE EXHIBIT-74,** I REQUESTED THAT HE FORWARD AN ATTACHED LETTER FROM ME TO THE VICTIMS. IT WAS A LETTER OF APOLOGY. SEE EXHIBIT-75;

16) PRIOR TO THE DISPOSITION IN THE INSTANT CASE, I HAD ALREADY BEEN REIMPRISONED AT MCI-CEDAR JUNCTION ON MIDDLESEX CRIMINAL CASE NO: 93-317-001-002. WHILE AT CEDAR JUNCTION, BECAUSE I WAS EXPERIENCING WITHDRAWAL AND A LONG PSYCHOLOGICAL HISTORY. IT WAS THOUGHT THAT I WAS SUICIDAL. AS A RESULT, I WAS PUT ON OBSERVATION STATUS. **SEE EXHIBITS-76-81;**

17) I WAS LATER TRANSFERRED TO MCI-SHIRLEY MEDIUM COMPLEX WHERE I REQUESTED MENTAL HEALTH COUNSELING. SEE EXHIBITS-87-89;

---

1   AT THE TIME I WAS SERVING A 6 TO 10 YEAR SENTENCE FOR ARMED ASSAULT WITH INTENT TO ROB(NO; 93-317-001) WITH A CONCURRENT SENTENCE OF 4 TO 5 YEARS FOR ASSAULT WITH A DANGEROUS WEAPON(NO: 93-317-002); THE REMAINDER OF A 12-15 YEAR SENTENCE FOR MOTOR VEHICLE HOMICIDE(NO: 88-608) WITH A CONCURENT OF 6-10 YEARS FOR MANSLAUGHTER(NO: 88-607). BOTH OF THESE SENTENCES, I.E.., 88-607-608, WERE REIMPOSED FROM AND AFTER THE SENTENCES IMPOSED ON NOS: 93-317-001-002, SUPRA. I WAS ALSO SERVING A 7 TO TEN YEAR SENTENCE FOR ARMED ROBBERY(NO: 9477-CR-2746) CONCURRENT WITH NO: 93-317-001-002. **SEE EXHIBITS-66-70**

-5-

18) MENTAL HEALTH COUNSELOR MIRIAM HOLMES WAS AND IS MY MENTAL HEALTH COUNSELOR. **SEE EXHIBITS-87-89;**

19) THAT ON APRIL 12, 1995, MS. HOLMES MADE HER OFFICIAL DIAGNOSIS THAT I WAS SUFFERING FROM "POST TRAUMATIC STRESS DISORDER" (PTSD) FROM MY CHILDHOOD. **SEE EXHIBITS-90-91;** MY MONTHLY SESSIONS WITH MS. HOLMES CONTINUES TO THIS DAY. **SEE EXHIBITS-92-104;**

20) THAT ALTHOUGH DSS WAS AWARE OF THE NEGLECT AND ABUSE ME AND MY SIBLINGS ENDURED WHILE WITH MY MOTHER AND STEP-FATHER, WE NEVER RECIEVED ANY MENTAL HEALTH COUNSELING. SEE EXHIBITS-1-63 SUPRA;

21) WHILE SITUATED AT MCI-SHIRLEY I ENROLLED IN "MOUNT WACHUSETTS COLLEGE 'PRISON EDUCATION PROGRAM'," AND COMPLETED ALL SIX COURSES. **SEE EXHIBITS 105-108;**

22) I ATTEND, ON A REGULAR BASIS, ALCOHOLICS ANONYMOUS AND NARCOTICS ANONYMOUS; I AM A VOLUNTEER TUTOR IN THE "LITERACY DEVELOPEMENT CLASSES"; I COORDINATE THE "PROJECT YOUTH" PROGRAM, A PROGRAM WHERE INMATES SPEAK TO HIGH SCHOOL STUDENTS ABOUT THE NEGATIVE AFFECTS OF DRUGS AND ALCOHOL: I HAVE BEEN CONTINUALLY ASSIGNED TO AN INSTITUTIONAL INMATE ASSIGNMENT WITH AVERAGE TO ABOVE AVERAGE WORK REPORTS; I HAVE COMPLETED "MANAGEMENT DEVELOPEMENT;" I HAVE APPLIED TO THE "SPECTRUM RECOVERY ACADEMY PROGRAM" WITHOUT SUCESS BECAUSE OF MY SENTENCE STRUCTURE; I HAVE APPLIED TO THE "LOWELL HOUSE INC." I HAVE PARTICIPATED IN A "CRIMINAL THINKING PROGRAM" WHICH PROMOTES SOCIAL BEHAVIOR"; I HAVE REMAINED DISCIPLINARY REPORT FREE. **SEE EXHIBITS-109-116;**

23) THAT I HAVE FORWARDED ALL OF MY EARNINGS FROM MY INSTITUTIONAL INMATE ASSIGNMENT TO MY GIRLFRIEND TO HELP SUPPORT OUR

-6-

CHILDREN. THAT AMOUNTS TO ABOUT $100.00 PER MONTH FOR THE LAST 2 YEARS PLUS, BUT IT IS STILL VERY DIFFICULT FOR MY GIRLFRIEND AND OUR CHILDREN, WHICH HAS SERIOUSLY AFFECTED OUR RELATIONSHIP. I FEAR VERY DEEPLY OF LOSING CONTACT WITH MY GIRLFRIEND AND OUR CHILDREN, AND, IN FACT, I AM LUCKY TO SEE THEM ONCE A MONTH.

24) I BELIEVE THAT THE MOST DIFFICULT THING FOR ME IS THE AFFECT MY ABSENCE IS HAVING ON OUR CHILDREN BECAUSE I KNOW WHAT I EXPERIENCED WITH MY STEP FATHER, AND I DREAD THE SAME THING HAPPENING TO MY SON OR DAUGHTER, NOT TO MENTION THE ABUSE MY GIRLFRIEND COULD RECIEVE BY INVOLVEMENT IN ANOTHER RELATIONSHIP WITH AN ABUSIVE INDIVIDUAL;

25) SHE HAS RELAYED TO ME SHE DOES NOT KNOW IF SHE CAN CONTINUE OUR RELATIONSHIP FOR THE LENGHT OF TIME IN WHICH I HAVE TO SERVE, AND I AM DESPERATELY TRYING TO KEEP MY FAMILY INTACT;

26) THAT, BECAUSE OF THE DETERIOTING AFFECT OF MY ABSENCE FROM MY FAMILY, I SPOKE WITH ANOTHER INMATE ABOUT THE MOTION TO REVISE AND REVOKE THAT ATTORNEY CUTHBERT FILED ON MY BEHALF, AND AFTER THE INMATE REVIEWED IT, I LEARNED THAT, ALTHOUGH THE MOTION WAS ENTITLED AS A "MOTION FOR REVISE AND REVOKE," IT WAS ESSENTIALLY A MOTION ATTACKING THE GUILTY FINDINGS AND A REQUEST FOR A NEW TRIAL;

27) THAT IS NOT WHAT I HAVE UNDERSTOOD REVISE AND REVOKE MOTIONS ARE FOR, AND IT IS CLEARLY NOT WHAT I HAD REQUESTED ATTORNEY CUTHBERT TO DO, I.E., FILE A MOTION FOR A NEW TRIAL. I PLEAD GUILTY IN THE INSTANT CASE BECAUSE I COMMITTED THEM AND NOT MERELY UPON HER ADVICE;

-7-

28) ADDITIONALLY, ALTHOUGH I HAD REQUESTED THAT ATTORNEY CUTHBERT FILE A MOTION TO REVISE AND REVOKE, I MADE IT CLEAR TO HER THAT I DID NOT WANT THE MOTION HEARD RIGHT AWAY BECAUSE I WANTED THIS COURT TO SEE THAT I AM, AT THE VERY LEAST, DEALING WITH MY PROBLEM OF DRUG ABUSE, BUT IN DOING SO I HAVE LEARNED MORE ABOUT WHY I EVEN RESORTED TO DRUGS IN THE FIRST PLACE. IN FACT,, I FULLY BELIEVE THAT HAD I RECEIVED MENTAL HEALTH COUNSELING WHEN I WAS A CHILD, I WOULD NOT BE IN PRISON NOW;

29) THAT, ALTHOUGH I KNOW THAT ON MOTIONS FOR REVISE AND REVOKE ANY RELIEF THAT THE COURT GRANTS, IF ANY, THAT IT IS DESCRETIONARY WITH THE SENTENCING JUDGE, AND THAT I HAVE NO RIGHT TO SUCH RELEIF. HOWEVER, I BELIEVE THAT IF THE JUDGE HELY HAD KNOWN IN DETAIL, ABOUT MY CHILDHOOD FROM REVIEW OF MY DSS RECORDS AND HAD ATTORNEY CUTHBERT HAD ME PSYCHOLOGICALLY EVALUATED, THE COURT WOULD HAVE LEARNED AT THE TIME OF SENTENCING THAT I WAS SUFFERING FROM PTSD, WHICH IS THE ROOT CAUSE OF MY ALCOHOLISM, DRUG ADDICTION, AND CONSEQUENTLY, CRIMINAL HISTORY, AND MAY NOT OF IMPOSED THE SENTENCE IMPOSED;

30) THAT I WOULD RESPECTFULLY REQUEST THE COURT PLEASE CONSIDER REDUCING MY SENTENCE BY HALF BY REDUCING NO: 94-995001 TO A 9 TO 10 YEAR SENTENCE, AND TO ORDER THAT NO:94-995002 BE SUSPENDED FROM AND AFTER NO: 94-995001, WITH 94-995001 TO BE SERVED ON "STRICT SUPERVISED PROBATION." THAT IS HOW CONFIDENT I AM, NOW THAT I AM GETTING THE COUNSELING I SHOULD OF GOTTEN AS A CHILD AND I UNDERSTAND MY ROOT PROBLEM.

31) THAT I WOULD LIKE TO INFORM THE COURT, THAT BY REDUCING THOSE SENTENCES IN NO WAY SHORTENS MY TIME BUT WHAT IT DOES DO IS

-8-

GIVE ME A CHANCE AT PAROLE IN THE YEAR 2000, SHOULD MY REHABILA-
TATIVE EFFORTS AND MY BEHAVIOR WARRANT IT.  ALSO, PAROLE HAS MANY
ADVANTAGES TO HELP SUPPORT A DRUG ADDICT, I.E., DRUG PROGRAMS,
HALFWAY HOUSES, AND MOST IMPORTANTLY IS STRICT SUPERVISION. I WILL
NOT DISAPPOINT THE COURT.

/s/ *Joseph M. Fedone*
PRO SE

# EXHIBIT C

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                    SUPERIOR COURT DEPARTMENT
                                                 NOS: 94-995001-002

COMMONWEALTH OF MASSACHUSETTS )
                              )
        V.                    )         DEFENDANT'S MEMORANDUM OF LAW
                              )         IN SUPPORT OF MOTION FOR RE-
JOSEPH M. LEDOUX              )         VISE AND REVOKE OF SENTENCES.
                  DEFENDANT   )

    THE DEFENDANT FILES THE INSTANT MEMORANDUM, NOT AS A EXHAUSTIVE EXPOSITION OF THE APPLICABLE ON MOTIONS FOR REVISE AND REVOKE OF SENTENCES AND ASSISTANCE OF COUNSEL, TO ASSIST THE COURT IN CONSIDERING WHETHER OR NOT SUCH RELIEF SHOULD BE GRANTED.

    IN IMPOSITION OF SENTENCES, A SENTENCING JUDGE MAY CONSIDER HEARSAY, A DEFENDANT'S BEHAVIOR, FAMILY LIFE, EMPLOYMENT, AND VARIOUS OTHER FACTORS. COMMONWEALTH V. CELESTE, 258 MASS. 307, 310(1970); UNITED STATES V. TUCKER, 404 U.S. 443, 446(1972) (SCOPE OF SENTENCING JUDGE'S INQUIRY IS "LARGELY UNLIMITED EITHER AS TO THE KIND OF INFORMATION HE MAY CONSIDER OR THE SOURCE FROM WHICH IT CAME FROM"); WILLIAMS V. NEW YORK, 337 U.S. 241, 245 (1949)(SENTENCING JUDGE MAY CONSIDER ANY FACTORS THAT THROW LIGHT ON THE DEFENDANT'S "LIFE, HEALTH, HABITS, CONDUCT, AND MENTAL AND MORAL PROPENSITIES"). JUST LIKE IT IS ACCEPTABLE FOR A SENTENCING JUDGE TO CONSIDER A DEFENDANT'S MISCONDUCT SUBSEQUENT TO THE CRIME OR CRIMES FOR WHICH HE MAY BE IMPRISONED, COMMONWEALTH V. FRANKS, 372 MASS. 866 [MASS.ADV.SH.(1977)858], IT WOULD BE UNFARE NOT TO CONSIDER A DEFENDANT'S GOOD CONDUCT, AND REHABILATATIVE MEASURE HE OR SHE MAY HAVE UNDERTAKEN.[1]

    AT THE TIME OF SENTENCING, A DEFENDANT HAS THE RIGHT TO

---

[1] REFERENCE TO THE DEFENDANT'S AFFIDAVIT IS CITED AS(D.AF.)