-2-

COUNSEL. ["T]HE NECESSITY FOR AID OF COUNSEL IN MARSHLING THE FACTS, INTRODUCING OF MITIGATING CIRCUMSTANCES AND IN GENERAL AIDING AND ASSISTING THE DEFENDANT TO PRESENT HIS CASE AS TO SENTENCE IS APPARENT." MEMPA V. RHAY, 389 U.S. 128, 135(1967); OSBORNE V. COMMONWEALTH, 389 N.E. 2D 981, 987(1977); SEE MASS.R. CRIM.P. 28(B). THIS RIGHT TO COUNSEL AT THE SENTENCING STAGE CAN BE COMPROMISED BY COUNSEL'S FAILURE TO PRESENT MITIGATING EVIDENCE. OSBORNE, ID., AT 987-989; DEUTSCHER V. WHITLEY, 884 F.2D 1152 1159-1161(9TH CIR. 1989).

WHERE DEFENDANT CLAIMS HE WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL, HE MUST IDENTIFY THE ACTS OR OMISSIONS OF COUNSEL NOT TO HAVE BEEN OF REASONABLE PROFESSIONAL JUDGEMENT. STRICKLAND V. WASHINGTON, 446 U.S. 668, 690(1984); COMMONWEALTH V. THOMAS, 399 MASS. 165, 169(1987). SECONDLY, THE DEFENDANT MUST "SHOW THAT, BUT FOR COUNSEL'S UNPROFESSIONAL ERRORS, THE RESULT OF THE PROCEDDING WOULD HAVE BEEN DIFFERENT... ." STRICKLAND, ID., AT 694; KIMMELMAN V. MORRISON, 477 U.S. 365, 376(1986).

IN INSTANT CASE, THE FAILURE OF ATTORNEY CUTHBERT TO:
(1) RETAIN THE DEFENDANT'S DEPARTMENT OF SOCIAL SERVICE RECORDS, REVIEW THEM, AND HAVE THE DEFENDANT PSYCHOLOGICALLY EVALUATED; AND (2) FILE A TIMELY MOTION FOR A REVISE AND REVOKKE OF THE DEFENDANT'S SENTENCES, INSTEAD OF A MOTION FOR A NEW TRIAL DISGUISED AS A MOTION FOR REVISE AND REVOKEOF THE SENTENCES, SEPARATELY AND COLLECTIVELY, DEPRIVED THE DEFENDANT OF EFFECTIVE ASSISTANCE OF COUNSEL.

-3-

I.   THE DEFENDANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL AT THE SENTENCING AND POST CONVICTION STAGES.

"IT IS WELL SETTLED THAT, NOT ONLY IS A DEFENDANT ENTITLED TO COUNSEL, BUT HE IS ENTITLED TO THE EFFECTIVE ASSISTANCE OF COUNSEL." STRICKLAND V. WASHINGTON, ID., AT 685-686. ON CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, THE DEFENDANT MUST IDENTIFY THE ACTS OR OMISSIONS TO HAVE BEEN OF REASONABLE PROFESSIONAL JUDGEMENT. STRICKLAND, ID., AT 690; COMMONWEALTH V. THOMAS, ID., AT 169. THE DEFENDANT MUST ALSO "SHOW THAT, BUT FOR COUNSEL'S UNPROFESSIONAL ERRORS, THE RESULT OF THE PROCEEDING WOULD OF BEEN DIFFERENT." STRICKLAND, ID., AT 694; KIMELMAN V. MORRISON, ID., AT 376.

A.   THE FAILURE OF COUNSEL TO RETAIN DEFENDANT'S DSS RECORDS, REVIEW THEM, HAVE THE DEFENDANT PSYCHOLOGICALLY EVALUATED AND PRESENT THE RESULTS TO THE SENTENCING JUDGE.

"COUNSEL HAS A DUTY TO MAKE REASONABLE INVESTIGATIONS OR TO MAKE A REASONABLE DECISION THAT MAKE PARTICULAR INVESTIGATIONS UNNECESSARY." STRICKLAND, ID., AT 691. THUS, A PARTICULAR DECISION NOT TO INVESTIGATE MUST BE DIRECTLY ASSESSED IN THE CIRCUMSTANCES OF THE PARTICULAR CASE. ID. AN ATTORNEY'S FAILURE TO PRESENT MITIGATING EVIDENCE OF "MENTAL IMPAIRMENT" AT PENALTY STAGE OF PROCEEDINGS CONSTITUTES INEFFECTIVE COUNSEL. DEUSCHER, ID., AT 1160.

IN THE INSTANT CASE, THE DEFENDANT'S COUNSEL INFORMED THE COURT THAT, AS A CHILD, THE DEFENDANT WAS IN A COUPLE OF FOSTER-HOMES; THAT THE DEFENDANT'S PARENTS WERE ALCOHOLICS;

-4-

AND THAT THE DEFENDANT USED DRUGS **D.AF-5**. THIS INFORMATION WAS TOTALLY INADEQUATE AS MITIGATING EVIDENCE. ALTHOUGH IT IS TRUE THAT THE DEFENDANT WAS IN FOSTER-HOMES AS A CHILD, HE WAS NOT IN THEM AS A RESULT OF ANY "JUVENILE DELEQUENTCY," BUT RATHER AS A RESULT OF A SUBSTANTIAL LENGHT OF TIME OF CHILD ABUSE AND NEGLECT BY HIS MOTHER AND STEP FATHER. COUNSEL DID NOT INFORM THE COURT THAT THE DEFENDANT WAS BORN AN ALCOHOLIC BECAUSE HIS MOTHER ADMINISTERED ALCOHOL TO PUT HIM TO SLEEP AS A CHILD; THAT DURING THE TIMES THE DEFENDANT WAS IN FOSTER-HOMES, HE AND THE REST OF HIS SIBLINGS WERE CONSTANTLY MOVED FROM HOME TO HOME, AND THAT HIS MOTHER AND STEP-FATHER WERE DIRECTLY RESPONSABLE. **ID., AT 6**. THE DEFENDANT'S COUNSEL NEGLECTED TO INFORM THE COURT OF THE DEFENDANT'S HOME LIFE WITH HIS GIRLFRIEND AND CHILDREN IN ANY GREAT DETAIL, AND ABOUT THE DEFENDANT'S EMPLOYMENT HISTORY, AND THE IMPACT OF LEARNING THAT HIS SON WAS EPELEPTIC HAD ON THE DEFENDANT. **ID., AT 7**. COUNSEL EVEN FAILED TO INFORM THE COURT ABOUT THE EFFORTS THE DEFENDANT MADE TO RECEIVE TREATMENT FOR HIS COCAINE ADDICTION BY RISKING REIMPRISONMENT BY INFORMING HIS PROBATION OFFICER. **ID., AT 8**; ABOUT HIS TERMINATION FROM THE TREATMENT CENTER, AND WHAT HE FOUND WHEN HE RETURNED TO HIS AND HIS GIRLFRIEND'S APARTMENT. **ID., AT 8-9**; ABOUT THE IMPACT THAT HAD ON THE DEFENDANT AND HIS RESORT TO COCAINE AGAIN; ABOUT THE DEFENDANT AGAIN RISKING REIMPRISONMENT BY INFORMING HIS PROBATION OFFICER AGAIN. **ID., AT 10.2**. THUS THE DEFENDANT'S COUNSEL AT THE

---

[5] THE DEFENDANT IS UNAWARE IF THIS INFORMATION WAS CONTAINED IN THE PRE-TRIAL INVESTIGATIVE REPORT. **D.AF-11**.

-5-

SENTENCING STAGE WAS INADEQUATE. CF. OSBORNE, ID., AT 987-988. COUNSEL EVEN FAILED TO INFORM THE COURT ABOUT THE DEFENDANT'S EFFORTS IN SEEKING HELP WHILE AT SHIRLEY MEDIUM WITH HIS DRUG PROBLEM. D.EXS-81-84. ID. THIS, OF COURSE, WAS CAUSED BY COUNSEL'S FAILURE TO INVESTIGATE. DEUSCHER, ID., AT 1160.

MORE IMPORTANTLY, ALTHOUGH THE DEFENDANT INFORMED COUNSEL THAT DSS WAS INVOLVED WITH HIS PLACEMENT IN FOSTER-HOMES, COUNSEL DID NOT ATTEMPT TO RETRIEVE THE DSS RECORDS TO FIND OUT WHY THE DEFENDANT WAS IN FOSTER-HOMES. ID. HAD COUNSEL DONE SO, COUNSEL WOULD HAVE LEARNED A GREAT DEAL ABOUT THE DEFENDANT'S FAMILY, AND MY HAVE MADE A REASONABLE DECISION TO HAVE THE DEFENDANT PSYCHOLOGICALLY EVALUATED AND WOULD HAVE LEARNED THAT THE DEFEND- ANT HAD RECEIVED NO COUNSELING AS A CHILD, D.EXS-1-63, AND WAS SUFFERING FROM POST TRAUMATIC STRESS DISORDER--HAD DONE SO ALL OF HIS LIFE WITHOUT KNOWIN--BUT DID NOT KNOW TILL APRIL 12, 1995. ID., AT 90-91. THIS INFORMATION COULD HAVE BEEN PRESENTED TO THE COURT AS WELL. IN FACT, COUNSEL INFORMED THE COURT NOTHING ABOUT THE DEFENDANT'S REHABILITATIVE EFFORTS WHILE, PRIOR TO THE INSTANT SENTENCES, IMPOSED. D.EXS-110-116. OSBORNE, ID., AT 988

1. **THE DEFENDANT WAS PREJUDICED BY COUNSEL'S FAILURE TO PRE-SENT FULLY MITIGATING EVIDENCE TO THE COURT.**

ALTHOUGH A DEFENDANT IS NOT OBLIGATED TO DEMONSTRATE PRE- JUDICE UNDER THE CIRCUMSTANCES OF THIS CASE, OSBORNE, ID., AT 988, CITING HOLLOWAY V. ARKANSAS, 435 U.S. 475(1978), IT CAN NOT BE SAID THAT HE CAN NOT..

IN THIS CASE, THE DEFENDANT'S COUNSEL LEFT IT TO THE COURT TO PERHAPS, SPECULATE AS TO WHY THE DEFENDANT WAS IN FOSTER-HOMES;

-6-

TOLD THE COURT NOTHING ABOUT THE DEFENDANT'S HOME LIFE, HIS WORK HISTORY, MENTAL HEALTH, AND HOW DEEPLY HE WAS RESPONSIBLE TO HIS CHILDREN; INFACT, COUNSEL TOLD THE COURT NOTHING ABOUT THE DEFENDANT'S EFFORTS TO HELP HIMSELF TO GET OFF OF DRUGS PRIOR TO IMPRISONMENT, AND NOTHING ABOUT THE DEFENDANT'S REHABILATATIVE EFFORTS PRIOR TO IMPOSITION OF THE SENTENCE IN THE INSANT CASE. **SEE PART-A SUPRA**. THUS, THERE EXISTS PREJUDICE AGAINST THE DEFENDANT BY HIS COUNSEL'S FAILURE TO PRESENT DETAILED MITIGATING EVIDENCE IN THIS CASE. ID; DEUSCHER, ID., AT 1161-1162; OSBORNE, ID., AT 987-989.

B.   **COUNSEL'S FAILURE TO FILE A TIMELY MOTION TO REVISE AND REVOKE SENTENCES.**

MASSACHUSETTS RULE OF CRIMINAL PROCEDURE 29 PROVIDES IN RELEVANT PART; "THE TRIAL JUDGE UPON HIS OWN MOTION OR THE WRITTEN MOTION OF THE DEFENDANT OF THE DEFENDANT FILED WITHIN SIXTY DAYS AFTER THE IMPOSITION OF THE SENTENCE,... MAY, UPON SUCH TERMS AND CONDITIONS AS HE SHALL ORDER, REVISE AND REVOKE SUCH SENTENCE IF IT APPEARS THAT JUSTICE MAY NOT HAVE BEEN DONE." THIS RULE AUTHORIZES THE COURT DISCRETION TO REVISE AND REVOKE A SENTENCE OR SENTENCES. **SEE REPORTERS NOTES.**

IN THE INSTANT CASE, THE DEFENDANT'S COUNSEL FILED A MOTION FOR A NEW TRIAL DISGUISED AS A MOTION FOR REVISE AND REVOKE OF THE SENTENCES. **D.EX-71-72.** THE DEFENDANTS COUNSEL SPECIFICALLY MOVED THE COURT TO "REVISE AND REVOKE THE FINDINGS OF GUILTY" ENTERED "BY THE JUDGE HELY...ON NOVEMBER 22, 1994," AND ORDER A NEW TRIAL." D.EX.72.

-7-

THE DEFENDANT DID NOT DISCOVER THIS UNTIL HE SPOKE WITH ANOTHER PRISON INMATE THAT THE MOTION DID NOT, AT ALL, INVOLVE THE REDUCTION OF HIS SENTENCES, BUT RATHER DISGUISED AS SUCH. D.AF-26. THAT IS NOT WHAT THE DEFENDANT REQUESTED OF COUNSEL. ID., AT 27.

THE FACT THAT THE MOTION IN QUESTION WAS AN ATTACK ON THE GUILTY FINDING, D.EX-72, THE COURT WOULD NOT TREAT THE MOTION AS A MOTION TO REVISE AND REVOKE THE SENTENCES. "[P]LEADINGS ARE TO BE TREATED ACCORDING TO THEIR NATURE AND SUBSTANCE RATHER THAN THEIR TECHNICAL FORM." COMMONWEALTH V. POWERS, 488 N.E. 2D 430, 431-432(MASS.APP.CT. 1986). WHERE THE DEFENDANT IN THE INSTANT CASE HAD ENTERED HIS GUILTY PLEAS AND RECEIVED HIS SENTENCES, THE REALITY OF THE SITUATION REQUIRED THAT THE MOTION FILED BY DEFENDANT'S COUNSEL BE TREATED AS A MOTION FOR A NEW TRIAL. ID., AT 431-432

1. THE DEFENDANT WAS PREJUDICED BY COUNSEL'S FILING OF THE MOTION TO REVISE AND REVOKE FINDING AND FOR A NEW TRIAL INSTEAD OF A MOTION TO REVISE AND REVOKE SENTENCES.

IN THE INSTANT CASE, COUNSEL'S FILING OF THE MOTION TO REVISE AND REVOKE THE FINDINGS OF GUILT RATHER THAN THE SENTENCES WAS TOTALLY MISLEADING TO THE DEFENDANT UNTIL IT WAS EXPLAINED TO THE DEFENDANT BY ANOTHER PRISON INMATE, D.AF-26, AND WAS NOT WHAT THE DEFENDANT REQUESTED OF COUNSEL. ID., AT 27. EVEN MORE PREJUDICAL TO THE DEFENDANT IN THIS CASE IS THAT THE MOTION DEPRIVES THE DEFENDANT OF THE RIGHT TO FILE A MOTION TO REVISE AND REVOKE THE SENTENCES WHERE NO SUCH MOTION WAS FILED WITHIN SIXTY DAYS

-8-

FROM THE IMPOSITION OF THE SENTENCES IN THIS CASE. **MASS.R.CRIM.P. 29(a).** MOREOVER, SUCH CIRCUMSTANCES FURTHER COVERS-UP THE FACT THAT COUNSEL WAS INADEQUATE DURING THE SENTENCE STAGE OF THE INSTANT CASE. **SEE PART-A SUPRA; PART-A-1 SUPRA.**

II.   **THE DEFENDANT IS ENTITLED TO FILE HIS MOTION FOR REVISE AND REVOKE OF THE SENTENCES LATE WHERE HE WAS MISLED BY COUNSEL.**

AS INDICATED IN PART B SUPRA, MASSACHUSETTS RULE CRIMINAL PROCEDURE 29(A) GRANTS A DEFENDANT TO FILE A MOTION TO REVISE AND REVOKE SENTENCES WITHIN SIXTY DAYS AFTER IMPOSITION OF SENTENCES. **MASS.R.CRIM.P.. 29(A).** THE RULE DOES NOT ALLOW THE FILING OF SUCH A MOTION IN EXCESS OF THAT TIME PERIOD. HOWEVER, IN THE INSTANT THERE EXIST SPECIAL CIRCUMSTANCES DUE TO THE DEFENDANT'S COUNSEL'S DECEPTION, AND OUT RIGHT INEFFECTIVENESS. **SEE ARGUMENT-1 SUPRA; PART-1-A-1; PART B-1 SUPRA.** IN FACT, THE CIRCUMSTANCES IN THE EVIDENT IN THE INSTANT CASE IS EXACTLY THE KIND OF SITUATION THE COURT HAS RECOGNIZED. THE COURT HAS STATED: "OCASSIONS INEVITABLY WILL OCCUR WHERE A CONSCIENTIOUS JUDGE, AFTER REFLECTION OR UPON RECIEPT OF NEW PROBATION REPORTS OR <u>OTHER INFORMATION</u>, WILL FEEL THAT HE HAS BEEN TO HARSH OR HAS FAILED TO GIVE DUE WEIGHT TO MITIGATING FACTORS WHICH PROPERLY HE SHOULD HAVE TAKEN INTO ACCOUNT." <u>**DISTRICT ATTORNEY FOR THE NORTHERN DISTRICT V. SUPERIOR COURT,**</u> **342 MASS. 119, 128(1961)(EMPHASIS SUPPLIED).** TO DENY THE DEFENDANT THE RIGHT TO FILE THE FOREGOING MOTION FOR REVISE AND REVOKE OF THE SENTENCES LATE WOULD DEPRIVE THE DEFENDANT NOT ONLY OF THE RIGHT TO FILE SUCH A MOTION, BUT ALSO DEPRIVE THE COURT ITSELF OF INFORMATION THAT SHOULD HAVE BEEN PRESENTED BY THE DEFEN-

-9-

DANT'S OWN COUNSEL.

## CONCLUSION

FOR THE FOREGOING REASONS, THE DEFENDANT RESPECTFULL REQUESTS THAT THE COURT RECONSIDER THE SENTENCES IMPOSED IN THE INSTANT CASE, AND REDUCE HIS SENTENCES BY HALF (9 TO 10) ON NO: 94-995001, AND TO ORDER THAT NO: 94-995002 (18 TO 20) BE IMPOSED FROMAND AFTER SUSPENDED NO: 94-995002. SEE D.AF. 30-31. [3]

RESPECTFULLY SUBMITTED,

/s/ Joseph M. Ledoux
JOSEPH M. LEDOUX (PRO SE)
MCI-SHIRLEY MEDIUM COMPLEX
P.O. BOX 1218
SHIRLEY, MASSACHUSETTS
01464

---

[3]   ATTACHED HERETO IS THE DEFENDANT'S GIRLFRIEND'S AFFIDAVIT, **MICHELLE M. TANGUAY**

# EXHIBIT D

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                          SUPERIOR COURT DEPARTMENT
                                                       NOS: 94-995001-002

COMMONWEALTH OF MASSACHUSETTS )
                              )
         V.                   )        AFFIDAVIT OF MICHELLE M.
                              )        TANGUAY
JOSEPH M. LEDOUX              )

   I, MICHELLE M. TANGUAY, BEING DULY SWORN, DEPOSE, AND SUBMITS AS FOLLOWS;

   1) THAT I MAKE AND PRESENT THE INSTANT AFFIDAVIT ON BEHALF OF JOSEPH M. LEDOUX;

   2) I HAVE BEEN THE GIRLFRIEND OF JOSEPH FOR NEARLY ELEVEN YEARS, AND HE IS THE FATHER OF OUR CHILDREN, JESSICA WHO IS EIGHT YEARS OF AGE, AND JOSEPH JR WHO IS FOUR YEARS OF AGE;

   3) JOSEPH HAS ALWAYS BEEN A GOOD FATHER TO OUR CHILDREN, HE LOVES THEM VERY MUCH AND, OF COURSE THEY LOVE HIM. EVERYDAY I FIND THAT I HAVE TO EXPLAIN TO THEM WHY HE'S AWAY;

   4) THAT JOSEPH HAS ALWAYS WORKED HARD TO SUPPORT THIS FAMILY, DESPITE HIS SUBSTANCE ABUSE, AND HE CONTINUES TO MAKE GREAT EFFORTS AT HELPING ME OUT BY SENDING ME ALL OF HIS INSTITUTIONAL EARNINGS, WHICH AMOUNT TO AN AVERAGE OF $100.00 PER MONTH;

   5) THAT JOSEPH CONCURRENTLY HAS NEARLY NINE YEARS LEFT ON HIS SENTENCES WITH NO CHANCE OF PAROLE, AND BY THE TIME HE GETS OUT OUR CHILDREN WILL BE NEARLY ADULTS. THEY WILL HAVE MISSED OUT ON THEIR ENTIRE CHILDHOOD WITHOUT THEIR FATHER;

   6) THAT I AM AWARE THAT JOSEPH HAS HAD A HISTORY OF SUBSTANCE ABUSE BEGINNING WITH ALCOHOL FOR A NUMBER OF YEARS, AND ON MANY OCCASIONS HE HAS ATTEMPTED TO HELP HIMSELF;

-2-

7) THAT THREE WEEKS PRIOR TO HIS ARREST, JOSEPH CALLED HIS PROBATION OFFICER AND INFORMED HIM THAT HE HAD A PROBLEM WITH CRACK COCAINE. HIS PROBATION OFFICER IMMEDIATELY ACTED TO GET HIM HELP. JOSEPH WAS ADMITTED TO THE LOWELL DETOX CENTER THE NEXT MORNING;

8) MUCH TO OUR SURPRIZE, THE DETOX CENTER TERMINATED JOSEPH'S TREATMENT AFTER SEVEN DAYS BECAUSE OUR FAMILIES LACK OF HEALTH INSURANCE;

9) THAT I CAN NOT HELP BUT THINK THAT IF JOSEPH COULD OF GOTTEN THE HELP HE SO DESPERATELY CRIED OUT FOR, HE WOULD NOT OF COMMITTED THE CRIMES FOR WHICH HE IS IMPRISONED FOR TODAY;

10) I ALSO KNOW, FIRST HAND, THAT JOSEPH TRIED TO HELP HIM- SELF DURING HIS FIRST PRISON SENTENCE BY ASKING TO BE TRANSFERRED TO "LONGWOOD TREATMENT FACILITY", BUT THE DEPARTMENT OF CORREC- TIONS DENIED THAT REQUEST ON THE GROUND THAT HE WAS NOT ELIGIBLE DUE TO THE SHORT SENTENCE HE WAS SERVING;

11) THAT IN THE 2½ YEARS THAT JOSEPH HAS BEEN IMPRISONED, I HAVE WORKED MY WAY THROUGH A TRAINING PROGRAM IN AN ATTEPT TO SUPPORT THIS FAMILY ON MY OWN;

12) THAT I HAVE WORKED TWO JOBS TO SUPPORT OUR FAMILY, AND EVEN WITH TWO JOBS I AM JUST BARELY MAKING IT. THIS HAS LEFT ME LITTLE TIME WITH OUR CHILDREN;

13) I KNOW THAT JOSEPH IS RESPONSIBLE FOR ALL MY HARDSHIPS, AND HE FEELS VERY GUILTY ABOUT THAT. I FURTHER BELEIVE THAT HE FEELS JUST AS GUILTY AND REMORSEFUL ABOUT HAVING COMMITTED THE CRIMES AGAINST THE VICTIMS. I KNOW THAT COMMITTING THE CRIME IS

-3-

JUST NOT SOMETHING HE WOULD DO NORMALLY;

14) THAT IF THE COURT CAN SEE FIT TO REDUCE JOSEPH'S SENTENCES, IT WOULD HELP HIM TO GET THE HELP HE NEEDS, AS WELL AS HELP ME OUT BY REDUCING THE AMOUNT OF TIME IT WOULD TAKE HIM TO GET TO A "LOWER SECURITY FACILITY," AND A " PRE-RELEASE FACILITY" SO THAT HE COULD HELP ME OUT FINANCIALLY WITH OUR FAMILY;

15) THAT I WOULD OF LIKED TO ADDRESS THE COURT AT THE TIME OF SENTENCING, BUT I DID NOT KNOW IF I COULD;

16) LASTLY, I HOPE AND PRAY THAT THIS COURT WILL GRANT JOSEPH SOME RELIEF  FOR OUR FAMILIES SAKE.


SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 26 DAY OF AUGUST, 1996.

/s/ Michelle Tanguay
MICHELLE M. TANGUAY
8 CHAMBERS ST.
LOWELL, MASSACHUSETTS
                    01852