UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH LEDOUX, SR., <br><br> Petitioner, <br><br> v. <br><br> KATHLEEN M. DENNEHY, Commissioner of Corrections, and <br> LOIS E. ROBINSON, Superintendent, <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION <br> ) NO. 04-10116-WGY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM & ORDER

YOUNG, C.J.                                                July 27, 2004

I.  **INTRODUCTION**

Joseph Ledoux, Sr. ("Ledoux") petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his November 22, 1994 convictions in the Massachusetts Superior Court sitting in and for the County of Middlesex upon eight counts of armed robbery and one count of armed assault with intent to rob. Ledoux's petition raises, inter alia, two grounds for relief: (1) that he was coerced by the Commonwealth into entering a plea of guilty; and (2) that his trial counsel provided him with ineffective assistance, in violation of his right to counsel under the Sixth and Fourteenth Amendments. See Pet. for Writ of Habeas Corpus [Doc. No. 1] at 5. Specifically, Ledoux alleges that the Commonwealth, without an adequate legal basis, included

a habitual criminal charge in his indictment in order to coerce him to plead guilty to the other charges against him. Id. He contends that the predicate offenses underlying the habitual criminal charge -- namely his prior convictions for manslaughter and operating a vehicle under the influence ("O.U.I.") resulting in serious bodily injury -- were insufficient to sustain the charge. Id. Additionally, Ledoux alleges that prior to his guilty plea, his "[d]efense counsel, without hesitation or the benefit of research[,] assured [him] that a mandatory life sentence as a habitual criminal awaited him if he should choose to proceed to trial on the armed robbery/armed assault charges." Id. Ledoux maintains that his attorney's advice was inaccurate, and, as a result, he was unlawfully coerced into forgoing his right to a jury trial. See id. at 5-6.

Respondents Kathleen M. Dennehy and Lois E. Robinson (collectively, "Respondents") move to dismiss Ledoux's petition as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). Resp'ts Mot. to Dismiss [Doc. No. 5]. Ledoux opposes the motion. Pet'r Opp'n [Doc. No. 8].

## II. BACKGROUND

To aid in the statute of limitations discussion below, the Court provides this brief chronology of important dates:

Nov. 22, 1994:   Ledoux pled guilty to armed robbery and armed assault with intent to rob.

2

|                  |                                                                                                          |
|------------------|----------------------------------------------------------------------------------------------------------|
|                  | Sentence imposed.                                                                                        |
| Dec. 2, 1994:    | Motion by Ledoux to Revise and Revoke Sentence and Motion for a New Trial filed and denied without a hearing. |
| Apr. 24, 1996:   | AEDPA went into effect.                                                                                  |
| Aug. 27, 1996:   | Second Motion by Ledoux to Revise and Revoke Sentence filed.                                             |
| Jan. 28, 2000:   | Motion by Ledoux for Reconsideration of Second Motion to Revise and Revoke filed.                        |
| Mar. 7, 2000:    | Motion for Reconsideration of Second Motion to Revise and Revoke denied.                                 |
| Mar. 27, 2000:   | Second Motion by Ledoux for Reconsideration of Second Motion to Revise and Revoke filed and denied.      |
| Aug. 17, 2000:   | Second Motion by Ledoux for New Trial filed.                                                             |
| July 26, 2001:   | Second Motion for New Trial denied.                                                                      |
| Aug. 10, 2001:   | Motion by Ledoux to Reconsider Second Motion for New Trial filed.                                        |
| Aug. 15, 2001:   | Ledoux filed Notice of Appeal of denial of Motion for New Trial.                                         |
| Aug. 16, 2001:   | Motion to Reconsider Second Motion for New Trial denied.                                                 |
| Sept. 5, 2001:   | Ledoux filed Notice of Appeal on denial of Motion to Reconsider.                                         |
| June 3, 2003:    | Massachusetts Appeals Court affirmed convictions.                                                        |
| Nov. 26, 2003:   | Massachusetts Supreme Judicial Court denied review.                                                      |
| Jan. 20, 2004:   | Ledoux filed Petition for Writ of Habeas Corpus.                                                         |

## III. DISCUSSION

In order to survive Respondents' motion to dismiss, Ledoux must have filed his petition for writ of habeas corpus within AEDPA's one-year period of limitation:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Respondents contend that Ledoux's petition is time-barred under section 2244(d)(1)(A) because his convictions became final thirty days after his first Motion for a New Trial was denied on December 2, 1994 and he failed to appeal. Respondents

4

point out that since Ledoux's convictions became final before the effective date of AEDPA on April 24, 1996, Ledoux was required to file his petition within a one-year grace period that commenced on April 24, 1996. See Currie v. Matesanz, 281 F.3d 261, 264 (1st Cir. 2002) ("For prisoners . . . whose state convictions became final before AEDPA was passed, the limitations period commenced on AEDPA's effective date, April 24, 1996.").

Respondents further argue that under Bland v. Hall, No. 00-12020-RWZ, 2002 WL 989532, at *2 (D. Mass. May 14, 2002) (Zobel, J.), aff'd on other grounds, 62 Fed. Appx. 361 (1st Cir. 2003) (unpublished decision), Ledoux's filing of a Motion to Revise and Revoke his sentence on August 27, 1996 did not toll the one-year period of limitation. Section 2244(d)(2) tolls the limitation period during the pendency of any "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Faced with the question whether a motion to revise and revoke a sentence pursuant to Massachusetts Rule of Criminal Procedure 29 qualified as a request for "collateral review," the court in Bland held that it did not:

> Collateral review typically connotes a proceeding
> "separate and distinct from an earlier proceeding, so
> also does it typically entail a challenge to the
> legality of the earlier proceeding or judgment." . . .
> A Rule 29 motion fits neither of these criteria.
> First, it is not separate and distinct from the earlier
> proceeding. To the contrary, it is directed to the
> original sentencing judge, as part and parcel of the
> original proceeding in which the defendant was
> sentenced. . . . In addition, a Rule 29 motion does not

5

>  challenge the legal sufficiency of the conviction or
>  imposition of the sentence.  Rather, it provides a
>  mechanism whereby the trial judge may reconsider a
>  concededly lawful sentence to remedy some perceived
>  unfairness. . . . Because petitioner's motion did not
>  amount to a "collateral attack," section 2244(d)(2)
>  does not apply to toll the AEDPA's one year statute of
>  limitations on petitioner's request for habeas relief.

Bland, 2002 WL 989532, at *2 (internal citations omitted) (quoting Walkowiak v. Haines, 272 F.3d 234, 238 (4th Cir. 2001)). The First Circuit affirmed the district court's decision to dismiss the petition on other grounds, without resolving the tolling issue presented.  Bland, 62 Fed. Appx. at 361.[1]

Although Judge Zobel's decision in Bland is not binding, this Court is persuaded by its reasoning.  Accordingly, because Ledoux's Rule 29 Motion of August 27, 1996 did not amount to a "collateral attack," section 2244(d)(2) does not apply to toll AEDPA's one-year period of limitation.  Ledoux's convictions became final thirty days after his Motion for a New Trial was denied on December 2, 1994 and he failed to appeal.  This Court holds that Ledoux's convictions became final before the effective date of AEDPA on April 24, 1996, and thus that Ledoux had to file his petition for a writ of habeas corpus by April 24, 1997.

Ledoux attempts to save his habeas petition by arguing that it was timely filed under 28 U.S.C. § 2244(d)(1)(D), which

---

[1] For a discussion of the precedential value of unpublished decisions in the First Circuit, see Alshrafi v. American Airlines, Inc., No. 03-10212-WGY, 2004 WL 1245956, at *7 & n.9 (D. Mass. June 8, 2004).

provides that AEDPA's one-year period of limitation can run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Ledoux alleges that he

> did not discover the [coercion] or trial counsel's ineffective assistance of counsel until October or November of 1999, when he discovered that counsel's advice was inaccurate. He then immediately began to initiate the appropriate procedures to address the issue with a motion to reconsider revise and revoke on March 7, 2000, then with a motion for a new trial filed on August 17, 2000, then in the Appeals Court on June 6, 2002 and finally in the Supreme Judicial Court on September 30[,] 2003. The latter being denied on November 26, 2003.

Pet'r Opp'n at 2. Essentially, Ledoux argues that October or November 1999 was the date on which he discovered that he had a legal ground on which to challenge his convictions. See 28 U.S.C. § 2244(d)(1)(D).

Section 2244(d)(1)(D)'s "reference to 'factual predicates' has been interpreted to mean evidentiary facts or events and not court rulings or legal consequences of the facts." Brackett v. United States, 270 F.3d 60, 69 (1st Cir. 2001) (citing Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000), and Ybanez v. Johnson, 204 F.3d 645, 646 (5th Cir.) (per curiam), cert. denied, 531 U.S. 881 (2000)). The Seventh Circuit's opinion in Owens v. Boyd is especially instructive on this issue. In that case, the petitioner contended that his habeas petition was timely under section 2244(d)(1)(D) because he had filed it within one year of

7

concluding that, based on the actions taken by his counsel at trial, he could seek collateral relief on the ground of ineffective assistance. <u>Owens</u>, 235 F.3d at 359. The court ruled that the petitioner's "approach disregards the language of the statute":

> He proposes that the year to file a federal petition begins when a prisoner <u>actually</u> <u>understands</u> what legal theories are available. That is not what § 2244(d)(1) says. First, the time commences when the factual predicate "could have been discovered through the exercise of due diligence," not when it was actually discovered by a given prisoner. Second, the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's "factual predicate," not recognition of the facts' legal significance. Most federal statutes of limitations are injury-based. Unlike some state systems, which start the time only when a party knows (or should recognize) that a legal wrong has been done, federal statutes use objective indicators as triggers. . . . Section 2244(d)(1)(D) follows the norm for a federal statute of limitations. Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit, as [the petitioner's] case illustrates. Like most members of street gangs, [the petitioner] is young, has a limited education, and knows little about the law. If these considerations delay the period of limitations until the prisoner has spent a few years in the institution's law library, however, then § 2244(d)(1) might as well not exist; few prisoners are lawyers.

<u>Id.</u> (internal citations omitted).

Like the petitioner in <u>Owens</u>, Ledoux misconstrues the language of section 2244(d)(1)(D). "Factual predicates" are not the same as legal consequences, and "discover[y] through the exercise of due diligence" is not the same as actual

8

understanding. "Section 2244(d)(1)(D) gives defendants the benefit of a later start if <u>vital facts</u> could not have been known by the date the [convictions became final]." <u>Id.</u> (emphasis added). In this case, Ledoux knew the principal facts underlying his claim that his state court convictions were invalid -- that the Commonwealth had charged him with being a habitual criminal, that the alleged predicate offenses underlying this charge were manslaughter and O.U.I., that the Commonwealth offered to drop that charge if he pled guilty to the other charges against him, and that his trial counsel advised him that he would most likely receive a life sentence for being a habitual criminal if he chose to go to trial -- before his convictions became final in January 1995 (or, in any case, prior to April 24, 1996). That Ledoux did not discover until October or November 1999 that his trial counsel's advice was allegedly misleading and inaccurate is certainly unfortunate, but nevertheless, it is unavailing under the language of section 2244(d)(1)(D).

IV. **CONCLUSION**

For the foregoing reasons, Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred [Doc. No. 5] is ALLOWED.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
CHIEF JUDGE